Donald D. EPSTEIN, Appellant,

v.

UNITED STATES, Appellee.

No. 8943.

District of Columbia Court of Appeals.

Argued Dec. 3, 1975.

Decided June 21, 1976.

Rehearing en Banc Denied Aug. 27, 1976.

Kenneth D. Wood, Gaithersburg, Md., for appellant.

Mary-Elizabeth Medaglia, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Jonathan B. Marks, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

KELLY, Associate Judge:

On March 6, 1973, a warrant for the search of appellant's premises at 415 Ninth Street, N.W., was executed by agents of the Federal Bureau of Investigation.[1] The warrant authorized the seizure of "pornographic books, magazines and objects, and business books, documents, records, bills of lading and invoices." In conducting their search, the agents discovered a loaded carbine equipped with a "banana clip" which is used for additional ammunition when the weapon has been modified for use as a machine gun, as well as a large assortment of loaded pistols, rifles and shotguns. The carbine was found lying on a table and the other weapons either in or on an office desk, mounted on the office walls or in cabinets. An immediate telephone check of the weapons' serial numbers was made to determine if any had been reported stolen and while none had been so reported, the agents did learn that in the District of Columbia possession of a machine gun was prohibited[2] and that twenty-three of the

---

1. It is not clear from the record whether one or more Metropolitan Police officers accompanied the F.B.I. agents.

2. D.C.Code 1973, § 22-3214(a) provides in part:
   No person shall within the District of Columbia possess any machine gun . . . ..

weapons had not been properly registered as required by D.C.Pol.Reg. Art. 51, § 1.[3] Acting on this information the officers seized the machine gun and all of the unregistered weapons.

Appellant was charged with one count of possession of a prohibited weapon and one count each of possession of an unregistered firearm and of unregistered ammunition.[4] He thereafter filed a motion for suppression of evidence and for return of property pursuant to Super.Ct.Cr.R. 41(g).[5] Before any hearing on this motion was held, however, the government entered a nolle prosequi on the three charges. Appellant then filed a new motion solely for the return of property. The government opposed the return of the property by arguing that as the weapons were not registered the appellant could not legally take possession of them. A hearing on the motion failed to resolve the issue, with the court granting appellant three weeks in which to register the weapons or at least to initiate the registration process. It was indicated that a settlement by the parties was preferred but that if necessary there would be another hearing to determine the legality of the seizure.

Appellant's right to possession remained unresolved; consequently, he again sought return of the weapons by attacking the validity of the search warrant for the pornographic materials on which the March 6

search was based. It was then revealed that as a result of that search not only was appellant charged with weapon offenses but also had been charged in the United States District Court for the District of Columbia with interstate transportation of pornographic material, and that he, represented by the same counsel, was acquitted of the charge by a jury. During the course of that trial testimony was given by Metropolitan Police Officer Reid Edles who was the source relied upon by F.B.I. agents in an affidavit submitted in support of the search warrant for pornographic material. Cross-examination of Edles had elicited inconsistencies between the contents of the affidavit and Edles' recollection of what he had told F.B.I. agents concerning the presence of pornographic materials on appellant's premises.

At the motions hearing appellant attempted to introduce into evidence a transcript of Edles' testimony in the District Court trial by which he sought to prove that the affidavit supporting the search warrant was inaccurate and thus did not contain the requisite probable cause necessary to support its issuance. Evidently, the affidavit stated conclusively that Edles had seen pornographic material on the premises while his testimony in District Court was that he had seen material which he "suspected" to be obscene or pornographic.[6] Appellant also argued that the search war-

---

3. D.C.Pol.Reg. Art. 51, § 1 provides:
   Except as herein provided, no person shall within the District, possess, or keep under his control, or sell or otherwise dispose of any pistol, or rifle or shotgun unless such person is the holder of a valid registration certificate for such pistol, rifle or shotgun.

4. D.C.Pol.Reg. Art. 53, § 2 states:
   No person shall within the District of Columbia purchase or possess ammunition for a firearm unless he is the holder of a valid certificate of registration issued under the regulations; and unless the ammunition is of the same gauge or caliber as the firearm described in the certificate of registration issued to such person.

5. Super.Ct.Cr.R. 41(g) provides:
   A person aggrieved by an unlawful search and seizure may move the court for the return of the property and to suppress for use as evidence anything so obtained on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted and has become final the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.

6. Counsel expressly declined to cross-examine F.B.I. Agent Tase E. Bailey, Jr., the affiant, on this issue although he was present and testified at the motions hearing.

rant was unconstitutionally overbroad and that the seizure of weapons while executing the warrant exceeded its scope.

After taking the matter under advisement, the motions judge ruled that he could return the weapons only if the seizure was illegal and after such a finding of illegality the weapons were not otherwise subject to lawful detention by the government. He held that as the seizure was legal, relief under Rule 41(g) was foreclosed and appellant's remedy lay either in an administrative appeal or in a civil suit. More specifically, he held that (1) the transcript of Edles' testimony in District Court was inadmissible for the reason that "the purpose for which the testimony was originally offered, that is, the credibility of the officer, was not such that the present opponent had an adequate motive for testing it by further examination"; (2) the warrant was facially valid in that it described with sufficient particularity the "business books, documents, records, bills of lading and invoices evidencing the interstate shipment of goods" that were to be seized; and (3) the machine gun and other weapons were in plain view on the premises being searched and thus legally seized. All of these rulings are contested here, but appellant disputes, in particular, the ruling on the admissibility of Officer Edles' former testimony.

■ We note initially, that this appeal is from the denial of a pretrial motion which normally is interlocutory and nonappealable.[7] As this motion is solely for the return of property, however, and as a "nolle prosequi" was entered on the original charges, we treat the denial of the motion for the return of property as an appealable final order.[8]

■ On the merits, then, the rule of law is that in order for former testimony to be admissible as an exception to the hearsay rule, it must be shown that the testimony was under oath and that the declarant is now unavailable for an in-court appearance. Here, there is no dispute that Edles' former testimony was under oath and that he was unavailable to testify at the hearing.[9] Equally important, however, is the requirement that the party against whom the testimony is now offered must have had in the prior proceeding an adequate opportunity to cross-examine the declarant. An adequate opportunity to cross-examine exists if the parties and the issues in both proceedings are substantially the same. The rationale of this requirement, as stated in 5 Wigmore, Evidence § 1386 at 82 (3d ed. 1940), is that:

> A testimonial statement may still not satisfy the Hearsay rule even where it has been made before a tribunal or officer at which there was cross-examination, or the opportunity, for the then opponent; because the opportunity must have been an adequate one. Unless the *issues were then the same* as they are when the former statement is offered, the cross-examination would not have been directed to the same material points of investigation, and therefore could not

7. D.C.Code 1973, § 11–721(a).

8. The Supreme Court in holding that a ruling on a preindictment motion to suppress is not a final order and therefore nonappealable stated in *DiBella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962):

>Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent. [Citations omitted; emphasis in original.]

In *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971), the Court stated the rationale for allowing such an appeal is that: "Denial of review in such circumstances would mean that the Goverment might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession. . ."

9. It was there disclosed that Edles was no longer a police officer and that he now resides in Florida. Appellant admitted that he made no attempt to bring Edles to the District of Columbia for the hearing.

have been an adequate test for exposing inaccuracies and falsehoods. . . . [Emphasis in original.]

■ Appellant admitted at the motions hearing that Officer Edles' testimony in District Court, which allegedly contradicted the affidavit was elicited in an attempt to attack Edles' credibility and not to attack the validity of the search warrant. Thus, there was no motive or reason for the government to probe Officer Edles on redirect examination concerning the validity of the affidavit supporting the search warrant.[10] Accordingly the court's evidentiary ruling must be sustained.[11]

■ Appellant contends that the warrant's description of the items to be seized raises the spectre of an unconstitutional general warrant. *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). The motions court specifically ruled to the contrary because the warrant authorized seizures of only those business records which evidenced interstate shipment of goods and therefore it was unnecessary to determine whether "the pornographic books, magazines, and objects to be seized were also described with sufficient particularity and . . . whether the affidavit afforded a sufficient basis for authorizing a search and seizure for

them." (Citation omitted.) We agree, for it is clear from the record that the warrant did not authorize the indiscriminate seizure of documents of any kind but only those associated with the interstate shipment of goods.

■ Appellant's final contention is that the authorities exceeded the scope of the warrant and conducted a general exploratory search of the premises for evidence. As the F.B.I. agents were on the premises pursuant to a lawfully issued search warrant, however, they were authorized to seize the weapons which were inadvertently discovered in their plain view,[12] the machine gun lying on a table and the other weapons in cabinets or on wall racks. No weapon was seized until it was determined that the possession of a modified carbine was in direct violation of D.C.Code 1973, § 22–3214(a), and that twenty-three others were unregistered in violation of the police regulations. Two of the weapons which were properly registered were not seized. Since no one was on the premises who could produce registration certificates, the actions of the F.B.I. agents in ascertaining by telephone whether any of the weapons were illegally possessed was reasonable under the circumstances. Accordingly, the order of the trial court is [13]

*Affirmed.*

10. It was brought out at the motions hearing that the District Court judge had at pretrial upheld the validity of the search and seizure. Thus that issue for purposes of trial was settled.

11. As we uphold the court's exclusion of the prior testimony, there is left no evidence upon which appellant can question the accuracy of the affidavit. It is unnecessary, therefore, to determine what showing a defendant must make before a court may inquire behind a facially sufficient affidavit.

12. In *Collidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971), the Supreme Court stated:
     What the "plain view" cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incrimi-

nating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them . . . .

13. As we agree with the motions court's conclusion that the seizure was legal and therefore that relief under Super.Ct.Cr.R. 41(g) is unavailable to appellant, it is unnecessary for this court to determine whether appellant's remedy lies exclusively within the bounds of D.C.Code 1973, § 22–3217 as urged by the government.