UNITED STATES of America

v.

Donald EPSTEIN, Appellant.

No. 78–1587.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 27, 1979.

Kenneth D. Wood, Gaithersburg, Md.,
was on the brief, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Mary-Elizabeth Medaglia, Daniel A. DeRose and Regina C. McGranery, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and RICHEY,* United States District Judge, United States District Court for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

On March 6, 1973 agents of the Federal Bureau of Investigation executed a search warrant of the place of business of Mr. Donald Epstein at 415 Ninth Street, Northwest, Washington, D. C. The warrant authorized a search for pornographic books, business books, documents, records, bills of lading and invoices relating to interstate shipments.

Epstein was indicted by a grand jury in the United States District Court for violations of federal obscenity laws, charges based on the documents that had been seized. The trial resulted in an acquittal by a jury on all charges.

Subsequently Epstein was charged in the Superior Court of the District of Columbia for failure to register a pistol and its ammunition and for illegal possession of a machine gun. The machine gun was a gold plated carbine capable of accepting an illegal number of rounds of ammunition.

Epstein filed a motion in Superior Court to suppress all the weapons and for their return. However, on September 11, 1973 the Government entered a *nolle prosse* in Superior Court dismissing all the charges with respect to the guns. Thereafter Epstein's motion for return of the property was heard and denied by Judge Belson of the District of Columbia Superior Court. In due course said denial was affirmed on appeal by the District of Columbia Court of

* Sitting by designation pursuant to 28 U.S.C.A. § 292(a).

Appeals, *Epstein v. United States*, 359 A.2d 274 (D.C.App., 1976).

Thereafter a *motion* for return of the same guns was filed in the United States District Court for the District of Columbia and on May 11, 1978 said motion was denied by the United States District Court on the ground that the ruling by Judge Belson and the judgment affirming said decision by the District of Columbia Court of Appeals made the matter *res judicata.*

In two opinions, currently being filed, we hold that persons whose property or money is seized pursuant to search warrants issued by the United States District Court have alternative remedies to recover their property in some instances. *U. S. v. Farrell,* 196 U.S.App.D.C. 434, 606 F.2d 1341 (D.C. 1979); and *United States v. Wright and Boyd,* 197 U.S.App.D.C. ——, 610 F.2d 930 (D.C.Cir. 1979).

Such alternative remedies were available here and Epstein elected the alternative of bringing his action in the local courts of the District of Columbia. Having made that election and having litigated his case to the highest court of the District of Columbia, i. e., the District of Columbia Court of Appeals, he is bound by the decision of that court. We thus rule that the District Court properly dismissed Epstein's motion to return the property on the ground that the issue he raised had already been adjudicated and that the matter was *res judicata.*

*Judgment accordingly.*