CLINTON, APPELLANT, *v.* LEIS, PROSECUTOR, APPELLEE.

(No. C-76675—Decided November 23, 1977.)

*Mr. Sal G. Scrofano,* for appellant.

*Mr. Simon L. Leis,* prosecuting attorney, and *Mr. Robert E. Taylor,* for appellee.

*Per Curiam.* This appeal involves an action in replevin against the prosecuting attorney of Hamilton County to recover currency claimed to have been wrongfully retained by him. The case was dismissed in the trial court on a motion for summary judgment. Finding no merit in either assignment of error, we affirm.

The defendant's motion for summary judgment was supported by the transcript of the plaintiff's testimony in a prior criminal case involving drug charges against another party.[1] Plaintiff had been present in a residence when it was searched by law enforcement officers and she

---

[1] The transcript of Clinton's testimony was attached to an affidavit of the court reporter (which stated that it was "a full and accurate transcript of the oral testimony of said Alberta Clinton given in said cause of State of Ohio v. Fred Edwin Douglas, Jr."). We hold that the contents of the transcript were properly before the trial court under Civil Rule 56(C).

claimed ownership of the currency in question when it was discovered by them. Her testimony in the criminal trial subsequent to that seizure was that the money was hers, that the other occupants of the house knew nothing about it, and that she had earned it all between January and August of that year through prostitution, at the rate of $50 per "client." She was not charged with any offense, involving either drugs or prostitution.

Plaintiff's response to the motion for summary judgment was to file a memorandum in opposition, not supported by any "evidence" of her own, as required by section (E) of Civil Rule 56, which states in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

On the record before us, there is no genuine issue of any material fact and the error claimed in plaintiff's first assignment (that the court ignored a multitude of genuine factual issues) is without merit.

We hold that plaintiff's rights to the currency were forfeited under R. C. 2933.41(C) which reads in part as follows:

"A person loses any right he may have to possession of property:

"(1) Which was *the subject or was used in* a conspiracy or attempt to commit, or *the commision of an offense* other than a traffic offense, and such person is a conspirator, accomplice, or *offender* with respect to the offense; * * *" (Emphasis added.)

Prostitution being an offense under R. C. 2907.25, plaintiff is an "offender" by her own admission, even though she has not been convicted of the offense. The word "offense" is not separately defined in the 1974 Criminal Code (except in R. C. 2935.01[D] where that definition ap-

pears to be limited to R. C. Chapter 2935). However, "offense" must be construed, under R. C. 1.42, according to common usage: it means conduct violating a criminal statute, and no more. See R. C. 2901.03(B), and Webster's Third New International Dictionary (1971). This meaning is apparent from the way in which the word is used in Ohio criminal law. The prime example is its use in Section 10, Article I, of the Ohio Constitution: "No person shall be twice put in jeopardy for the same offense." The word means the conduct constituting a violation of law, and not a conviction of that violation. Finally, by her own admission, the money "was used in * * * the commission" of prostitution.[2]

Under these circumstances, plaintiff's rights in the currency were forfeited by R. C. 2933.41, and the defendant was entitled to a judgment as a matter of law.

The second assignment of error is also without merit. That assignment reads:

"The trial court erred in refusing to allow appellant the right to a meaningful trial."

On the record before us, plaintiff had no right to a trial. In addition, plaintiff claims she was denied due process because the court made a "finding of a controverted fact without permitting the parties to produce evidence, especially when that finding is predicated upon a violation of the criminal law which has not been established." The court did not deny plaintiff the right to produce evi-

---

[2]Plaintiff's testimony reads in part:

"Well, I began in a house in Clifton and from there, you know, I started meeting people on my own. I saw how the lady was running her house, so I figured if she could do that I could do it for myself, and that's what I did. I started taking clients that I met through her house and building it up myself. I built up my own clientelle and everything was handled very confidentially and I went to different cities, you know; I didn't just hustle here in Cincinnati."

We hold that it appears from this statement and from the remainder of Clinton's testimony that reasonable minds can come but to one conclusion, she being entitled to have the evidence construed most strongly in her favor, and that conclusion is that she earned the money through prostitution in violation of law. We deem it unreasonable to infer from her statement about hustling in other cities that prostitution there was not as much a violation as it is here.

dence, the facts before the court were not controverted, and the criminal violation was "established" by Clinton's own admission.

This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; and the transcript of the proceedings, the briefs and the arguments of counsel.

The judgment below is affirmed.

*Judgment affirmed.*

Palmer, P. J., Bettman and Black, JJ., concur.