**CITY OF EASTLAKE, Appellee,**

v.

**LORENZO, Appellant.**

[Cite as *Eastlake v. Lorenzo* (1992), 82 Ohio App.3d 740.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–086.

Decided Sept. 21, 1992.

John F. Trebets, City Prosecutor, for appellee.

Albert L. Purola, for appellant.

FORD, Presiding Judge.

This appeal arises out of the Willoughby Municipal Court, where this court remanded the case pursuant to a reconsideration opinion on June 9, 1989. In that opinion we partially vacated our original judgment entry of January 10, 1989, which awarded the defendant-appellant possession of $32,000 in cash. We requested that the trial court more fully consider the issue of "possession" pursuant to R.C. 2933.41(C).

The facts underlying this appeal are set forth in this court's original opinion in case No. 13–108, dated January 6, 1989. We briefly review them here. Appellant Denise Lorenzo was arrested for driving under suspension, possession of criminal tools, and possession of drug paraphernalia. At the time of her arrest, $32,000 in U.S. currency was located in her automobile. Appellant stated that she did not know about any money being in her vehicle, and that she had loaned her automobile to someone the prior week who must have left the money there. She refused to discuss the identity of the individual who had allegedly borrowed her automobile. During the entire investigation appellant refused to provide any information relative to the $32,000. Appellant was sentenced to a six-month jail sentence, of which all but one hundred twenty days were suspended.

Appellant subsequently appealed her sentence and also whether the currency should be forfeited. In that appeal we directed that the $32,000 be returned to appellant under R.C. 2933.41(B) because appellee failed to show that the $32,000 was contraband, or that appellant had lost her possessory rights under R.C. 2933.41(C). As stated, subsequent to the reconsideration request, we partially vacated our prior opinion, and remanded the matter to the trial court to readdress the status and possession or ownership interest in the money. Shortly thereafter a "hearing" was held. Pursuant to agreement by the parties, all counsel were present as well as counsel for an individual named Leslie A. Lyttle, who through his counsel also claimed that he had a right to possession and equitable title in the $32,000.

With respect to those proceedings, the trial court made lengthy findings and conclusions without the submission of any evidence on this issue, or any indication that it was taking judicial notice of evidential matters, if any, from

prior proceedings in this case. It determined that the $32,000 "shall be forfeited to the Eastlake Police Department."

Appellant assigns the following as error:

"The trial court erred to the prejudice of Denise Lorenzo and another by deciding the disposition of the $32,000.00 without taking evidence or conducting any meaningful hearing."

Appellant contends that the record of the trial court proceedings showed a pattern of prejudicial conduct toward her, and that "no hearing was ever held at which any of these allegations or conclusions could be supported." Appellant also contends that the factual and legal conclusions were "not supported by *allegations and evidence.*" (Emphasis added.) On the other hand, appellee contends that the trial court properly forfeited the $32,000 to the city of Eastlake.

We agree that the city did not meet its burden under R.C. 2933.41(B). Nor did it place any evidence in the record to support its allegations and conclusions that appellant did not lawfully possess the currency, as it would have been required to do had R.C. 2933.41(C) applied. However, neither did appellant meet her burden of proof as to why she lawfully had a possessory interest in the $32,000.

Our mandate directed this matter to the trial court to determine the disposition of the $32,000. The trial court considered the issue of "possession" pursuant to R.C. 2933.41(C). Therefore, a threshold analysis as to whether a person may have a right to possession of the property, which is lost if R.C. 2933.41(C)(1) or (C)(2) applies, is applicable here. *State v. Clark* (1989), 63 Ohio App.3d 52, 56, 577 N.E.2d 1141, 1143; *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 216, 517 N.E.2d 1005, 1009.

R.C. 2933.41 is a forfeiture statute and as such must be strictly construed against the city. *Clark, supra; Loveman, supra.* However, R.C. 2933.41 permits the return of confiscated evidence only to those persons who can demonstrate that they have a right of possession. *Akron v. Carlson* (Mar. 11, 1987), Summit App. No. C.A. 12771, unreported, at 2, 1987 WL 7932. Appellant claims that she constructively possesses the money because it was found in her car, and that there was no evidence put forth to prove that she did not lawfully possess it. We disagree.

First of all, appellant failed to place any evidence on the record that supports her claim to the money as she is required to do under R.C. 2933.41. In fact, appellant by her own admission is not entitled to the money, is not a real party in interest, and therefore has no standing in this matter. Through-

out the investigative proceedings, appellant denied any knowledge of the currency's origin.

We take judicial notice of the motion to modify sentence and supporting memorandum filed July 6, 1989, in which appellant stated that "it should be satisfied by now that she [appellant] had no knowledge or connection with the money * * *." See *Andrews v. Wehagen, Inc.* (Dec. 20, 1990) Lake App. No. 89–L–14–160, unreported, 1990 WL 212631. At the "hearing" appellant denied knowledge regarding the money, and then assisted the claim by Leslie Lyttle as the alleged equitable owner by preparing an assignment to him of her interest in the property. Taken together, these events support the trial court's refusal to return the money to appellant Lorenzo. Accordingly, we cannot reach R.C. 2933.41(C) here because appellant has not established a possessory right in the $32,000.

◼ We turn now to the derivative claim by Leslie Lyttle, who has joined in this appeal. We find that Lyttle does not have standing to appeal. First of all, the notice of appeal filed by appellant Lorenzo's counsel, Albert Purola, states that both Lorenzo and Lyttle give notice that they are taking an appeal to this court. Although Purola asserts a right of possession on behalf of Lyttle, he failed to show his standing in this court for the return of the money to Lyttle. At no time in the proceedings below did Purola make an appearance on behalf of Lyttle. In fact, Lyttle was represented during the forfeiture proceeding by attorney Horbaly. Even if we were to have found adequate standing, we agree that Lyttle has not met his burden as to possession of the $32,000.

◼ During the hearing, the court made a number of requests of Lyttle's counsel as to whether he had anything else in the way of proof to present on behalf of Lyttle's claim. Counsel for Lyttle simply made verbal assertions and argument in behalf of Lyttle's position as to the money by holding, waiving, and orally referring to certain canceled checks. In the same manner, attorney Horbaly also stated that the money was partnership property, that Lyttle did not have a safe place for the money, and that he told the appellant to hold it for him. Apparently, none of the checks held before the court corresponded in amount or date in a character that would equate to the currency involved in this matter. Under these circumstances, the trial court did not err in refusing to return the money to Lyttle.

◼ We turn now to appellee's claim that the trial court properly disposed of the $32,000. First of all, the trial court's conclusion No. 19 states that "the property is contraband as previously found *and* is contraband under the expanded definition of contraband in O.R.C. 2933.42(B)." (Emphasis *sic*.) As

appellant correctly points out, our original decision concluded unequivocally that the $32,000 was *not* contraband, and that the trial court was incorrect in characterizing the $32,000 as "drug paraphernalia." Our pronouncement as to the nature of the $32,000 makes any findings otherwise by the trial court completely inappropriate. We therefore cannot agree that the city of Eastlake "otherwise lawfully seized" the currency as contraband under R.C. 2933.41(A)(1).

Second, based on our analysis, the money involved here is not subject to forfeiture because of the failure to provide a proper evidential foundation to appropriately invoke such action under R.C. 2933.41(C). Again, neither the appellant nor Lyttle has established a valid claim to possession or ownership of this money in the recent lower court proceedings.

R.C. 2933.41(B) provides:

"A law enforcement agency * * * shall make a reasonable effort to locate the persons entitled to possession of property in its custody, to notify them of when and where it may be claimed, and to return the property to them * * *."

There is nothing in the record to indicate that the law enforcement agency involved here made any effort to locate the persons entitled to possession. Without such an effort, the trial court could not properly dispose of the property.

As previously stated, R.C. 2933.41(C) does not really apply in this particular setting. However, for purposes of further instructing the trial court, which relied in part on this section, we address it briefly. R.C. 2933.41(C) sets forth a two-pronged test to determine if confiscated property is forfeited:

"(C) A person loses any right he may have to possession of property if either of the following apply:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense:

"(2) When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property."

In this case, even if appellant properly asserted a right to possess the $32,000, neither prong of the test in (C) would have been met. There was no evidence that the confiscated property was ever involved in the commission of any offense. The trial court could not properly find that the currency was

unlawful to possess; thus, it could not legally dispose of the currency under R.C. 2933.41(D).

R.C. 2933.41(D) provides:

"*Unclaimed* or forfeited property in the custody of a law enforcement agency, *other than contraband* * * * shall be disposed of on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction. * * * " (Emphasis added.)

For this section of the statute to apply, it is necessary that the property be either unclaimed or forfeited.

Consequently, it is this court's view that this property has not been the proper subject of forfeiture, and that no legally cognizable possessory or titled claim has been determined relative to it. Therefore, the appellee has the right and duty to pursue the disposition of this money in its present status under R.C. 2933.41(B), (D), and/or (E), and on proper application to the trial court if necessary.

Based on the foregoing, we conclude that appellant's challenges are without merit. However, it is our opinion that the trial court erred in ordering the return of the currency to the Eastlake Police Department or, alternatively, to the general fund of the city of Eastlake, without properly following the mechanics set forth in R.C. 2933.41(B), 2933.41(D), or 2933.41(E). Consequently, the judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with the opinion of this court.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.