THE STATE OF OHIO, Appellee,

v.

KENNEDY, Appellant.

[Cite as *State v. Kennedy* (1996), 114 Ohio App.3d 221.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 95–B–15.

Decided Sept. 23, 1996.

*Frank Pierce,* Belmont County Prosecuting Attorney, and *Timothy D. Oakley,* Assistant Prosecuting Attorney, for appellee.

*Anthony W. Stocco,* for appellant.

---

GENE DONOFRIO, Judge.

Defendant-appellant, Earnest William Kennedy, Jr., appeals a judgment entered by the Belmont County Court of Common Pleas overruling in part his motion for the return of seized property.

On August 1, 1994, appellant's residence was searched by the Belmont County Sheriff's Department pursuant to an uncontested search warrant. Deputies seized many household items, including a collection of firearms and $305 in currency.

On September 12, 1994, appellant pled guilty to a bill of information charging him with two counts of selling marijuana in an amount less than the bulk amount in violation of R.C. 2925.03(A)(1), felonies of the fourth degree. On October 11, 1994, appellant was sentenced to two concurrent one-year terms of incarceration. Appellant was also ordered to pay the cost of prosecution in the amount of $276.50.

After appellant's conviction on November 3, 1994, appellant filed a motion for return of seized property that he owned. Appellant asked for the return of almost all of the items listed on the inventory of the above search warrant. Additionally, appellant stated in support of his motion that "Defendant's property is not contraband, needed for use as evidence or otherwise illegal for Defendant to possess." A hearing was held on December 12, 1994, at which time a discussion occurred about the items seized. The transcript of the proceedings states as follows:

"MR. EASTERWOOD: Your Honor, these firearms—it's not illegal for his brother or mother to possess them. They are worth a good bit of money. We don't think they can be legally taken from Mr. Kennedy. They were not used in the commission of any crime. They are not contraband in any sense of the word.

"THE COURT: What about the fact that he purchased them possibly from money that he obtained from selling marijuana?

"MR. EASTERWOOD: There is no proof of that, Your Honor.

"THE COURT: Well, there doesn't have to be any proof according to the seizure statute as I understand it. .If you can show me something where there has to be proof, I'll listen to it.

"MR. EASTERWOOD: We don't think that there have been proceedings that have come to my attention or that have come to Mrs. Kennedy's attention, anything served on her initiating any forfeiture proceedings by the State of Ohio. If these proceedings were initiated, they were initiated in secret. They weren't initiated with any notice to me or to Mrs. Kennedy or the defendant.

"THE COURT: It's my understanding it's not the State of Ohio, it's the federal government that has initiated or will initiate the proceedings. Now, I don't know whether they have or they haven't. All I know is that local law enforcement officers have got information from this court and also information about the real estate. Now what they proceeded on, I don't know.

"I will not rule on your motion until you give me some information they haven't done anything or don't intend to do anything.

"MR. EASTERWOOD: I think that would be Mr. Oakley's responsibility to tell the court what law enforcement is doing. Because under the Ohio—

"THE COURT: You're asking for the motion, though.

"MR. EASTERWOOD: —under the Ohio statute—

"THE COURT: It's not under the Ohio statute. My understanding, they are proceeding under the federal statute.

"MR. EASTERWOOD: It would seem to me there would have to be a court order from a federal authority or some—

"THE COURT: That's what I'm saying, too. If you don't want to find it, that's all right with me.

"MR. EASTERWOOD: I'll be happy to search that out, Your Honor, and bring that to the attention of the court.

"THE COURT: It's your motion.

"MR. EASTERWOOD: I didn't realize I had to find out what the federal government is doing or not doing about this case. There is nothing on record. There is nothing on file. I'll be happy to do that.

"THE COURT: It's your motion.

"MR. EASTERWOOD: Thank you.

"THE COURT: All right."

By entry filed on February 8, 1995, the trial court granted the return of most of the items seized, but denied appellant's request for the return of the firearms and the $305 in currency. Appellant then filed the instant appeal.

Appellant presents four assignments of error, all of which address the issue of whether the trial court erred in failing to order the return of the seized currency and gun collection.

Appellant's four assignments of error allege:

"[1] The trial court committed reversible error, and materially prejudiced appellant Earnest William Kennedy, Jr., when it overruled appellant's motion for return of seized property when the following occurred: none of the items sought to be returned [was] contraband; none of the items [was] shown to have been used in the charged offense nor were [the items] shown to have been purchased from proceeds derived therefrom; and the court did not entertain any petitions for the forfeiture of the seized property, nor did it conduct any forfeiture proceedings prior to sentencing.

"[2] The trial court committed reversible error when it violated appellant's constitutional rights under the double jeopardy clauses of the United States and Ohio Constitutions when it denied appellant's motion for return of seized property and effectively instituted a forfeiture of those items.

"[3] The trial court committed reversible error when it overruled in part appellant's motion for return of seized property in violation of his constitutional right of due process.

"[4] The trial court committed reversible error, and materially prejudiced appellant when it overruled in part appellant's motion for return of seized property, which had the *de facto* effect of operating as a forfeiture of the property and consequently was an excessive fine in violation of appellant's constitutional rights under the excessive fine clauses of the United States and Ohio Constitutions."

All assignments of error are interrelated and will be discussed together.

Appellant contends that the seized items were not contraband, that the property was neither forfeited nor unclaimed, and that they therefore should be returned to appellant. In support, appellant cites *Eastlake v. Lorenzo* (1992), 82 Ohio App.3d 740, 613 N.E.2d 247, which held that absent a showing that seized property is contraband or properly forfeited, the seizing agency has no possessory interest in the property. In *Lorenzo* at 746, 613 N.E.2d at 251, upon finding that $32,000 seized during an arrest for drug paraphernalia and criminal tools was not contraband, the court stated:

"[T]his property has not been the proper subject of forfeiture, and * * * no legally cognizable possessory or titled claim has been determined relative to it."

Appellant additionally argues that the implicit "forfeiture" constituted double jeopardy as well as an excessive fine in violation of the Ohio and United States Constitutions.

Appellee argues that the seizure of the firearms during the drug trafficking arrest was proper. *State v. England* (1991), 62 Ohio Misc.2d 190, 594 N.E.2d 191. Appellee also argues that the trial court had a duty to preserve possible contraband.

Appellee suggests that the request for return should be resubmitted with a request for more information about the federal government's intention for forfeiture. Furthermore, appellee contends that appellant, as a convicted felon, is precluded from possession of firearms pursuant to R.C. 2923.13.

The syllabus of *State v. Hill* (1994), 70 Ohio St.3d 25, 635 N.E.2d 1248, states:

"Forfeiture of property, pursuant to R.C. 2925.42, is a form of punishment for a specified offense and, therefore, is a 'fine' for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution. Accordingly, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an 'excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions."

■ In the instant case, forfeiture proceedings pursuant to R.C. 2925.42 were not pursued by appellee. As a result, the trial court did not make a determination that the "forfeiture" was not an "excessive fine" as required by *Hill.*

R.C. 2925.42 requires identification of the property in the indictment or notice of forfeiture to the accused and a special proceeding wherein forfeiture is to be determined. Neither occurred in the present case.

Furthermore, in response to the trial court's request for information, appellant filed a memorandum indicating that the only forfeiture proceedings pending were by the federal government involving appellant's interest in Belmont County real property. This was not contradicted by appellee. We hold that the property in question was not subject to any pending forfeiture proceedings at the time of the hearing in this matter.

■ It was not established at the hearing in this matter whether the firearms in question met the definition of "firearms" pursuant to R.C. 2923.11 and were unlawful for appellant to possess pursuant to R.C. 2923.13. R.C. 2923.13 prohibits possessing a firearm by any person who:

"(A)(3) \* \* \* has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse \* \* \*."

R.C. 2933.41 provides:

"(C) A person loses any right he may have to the possession, or the possession and ownership, of property if any of the following applies:

" \* \* \*

"(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."

Also, it was not established at the hearing that the currency was evidence or contraband.

This matter is remanded to the trial court for further proceedings consistent with this opinion and in accordance with R.C. 2933.41 for the disposition of the $305 in currency and the collection of firearms.

*Judgment accordingly.*

O'NEILL, P.J., and COX, J., concur.