DECISION
Defendant-appellant, Tyrone K. Harris, appeals from an entry of the Franklin County Municipal Court denying his motion for relief from judgment. For the following reasons, we reverse.
On November 1, 1995, appellant was charged, by complaint filed in the Franklin County Municipal Court (case number 9510CRA-031092), with one count of aggravated trafficking in violation of R.C. 2925.03(A)(6). On November 9, 1995, upon motion of the Franklin County Prosecutor, the complaint was dismissed for possible submission to the Franklin County Grand Jury for possible future indictment. Appellant was subsequently prosecuted in federal court, and eventually pleaded guilty to aggravated drug trafficking in the United States District Court for the Southern District of Ohio.
On December 24, 1997, appellant filed a motion in the United States District Court pursuant to Federal Rule of Criminal Procedure 41(e) for the return of certain personal property that had been seized during his arrest and seized during a search of his residence on October 31, 1995. In particular, appellant sought the return of a cellular phone, a digital pager, $342 cash found on his person, and $5,000 cash seized from his residence. The United States Attorney objected to the return of the $5,000 cash seized from appellant's residence, on the ground that the money had already been "forfeited" to the Columbus Police Department. In so arguing, the United States Attorney submitted a July 28, 1997 order from the Franklin County Municipal Court captioned "In Re: PROPERTY LIST #69 ($9,336.48 CASH)" indicating that appellant's $5,000 cash (and other funds) had been awarded to the Columbus Police Department pursuant to R.C. 2933.41 as unclaimed property no longer needed as evidence.
On May 11, 1998, the United States District Court granted appellant's motion to return the phone, pager, and cash found on appellant's person. The court denied appellant's request as to the $5,000, stating that the federal government did not have possession of the money and that appellant's claim to it would be more appropriately addressed to the Franklin County Municipal Court.
On July 2, 1998, appellant filed a pro se motion in the previously dismissed Franklin County Municipal Court case requesting the return of the $5,000. On July 24, 1998, the trial court entered an order scheduling a hearing on appellant's motion for August 5, 1998. Appellant, who was incarcerated at the time (and remains so), did not appear at the scheduled hearing on August 5, 1998. As a result, the trial court filed an entry dismissing the motion.
On October 26, 1998, appellant, represented by counsel, filed a Civ.R. 60(B) motion for relief from the trial court's dismissal of appellant's motion for return of property. Appellant contended that he never received notice of the August 5, 1998 hearing date and that he was entitled to the return of his money. On May 14, 1999, without conducting a hearing on appellant's motion, the trial court denied appellant's motion stating that "[i]t appears that this matter is better pursued as a civil remedy rather than in the context of the dismissed felony offense." It is from this entry, that appellant appeals, raising the following three assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court improperly failed to conduct a hearing on Appellant's Motion for Relief from the August 5th hearing based on the fact that Appellant did not receive notice of said hearing.
 SECOND ASSIGNMENT OF ERROR
 The trial court erred in dismissing Appellant's Motion for Relief from Judgment.
 THIRD ASSIGNMENT OF ERROR
 The trial court abused its discretion in dismissing Appellant's claim.
All three of appellant's assignments of error are related in challenging the trial court's denial of appellant's motion for relief from judgment. In particular, appellant argues (in his first and third assignments of error) that the trial court erred in denying appellant's motion without first conducting an evidentiary hearing. Appellant also argues (in his second assignment of error) that the trial court incorrectly ruled that appellant was required to seek the return of his money in a separate civil action rather than by filing a motion in appellant's dismissed criminal case.[1] We find that appellant's second assignment of error is dispositive of this appeal.
As noted above, the trial court denied appellant's motion for relief from judgment on the grounds that appellant's request for return of his money would be better pursued by way of a civil action rather than by way of motion in his dismissed criminal case. Thus, by denying appellant's Civ.R. 60(B) motion without addressing the merits of that motion (including whether or not appellant was entitled to a hearing), the trial court apparently believed that appellant's underlying motion for return of property was not properly before the court. We find that the trial court erred in this regard.
A civil action for replevin is one method to seek the return of property wrongfully withheld by the state or other public entity. See, e.g., Folden v. City of Columbus (Nov. 17, 1992), Franklin App. No. 92AP-926, unreported; Brooks v. Dayton
(1990), 70 Ohio App.3d 722; Clinton v. Leis (1977), 56 Ohio App.2d 30; see, also, Weiler v. Department of Liquor Control (May 26, 1994), Franklin App. No. 93API09-1289, unreported (conversion action appropriate when state department destroyed wrongfully withheld property). However, a separate civil action is not the exclusive method to obtain such relief.
For example, courts routinely address postconviction motions for the return of property previously seized. See, e.g., State v.Kennedy (1996), 114 Ohio App.3d 221; State v. Asmo (Mar. 29, 1988), Franklin App. No. 87AP-746, unreported; see, also,State v. Jacobs (1940), 137 Ohio St. 363 (specifically holding that postconviction motion by defendant for the return of seized property was proper under predecessor statute to R.C. 2933.41). Courts have also entertained such motions filed in criminal cases even after the criminal charges have been dismissed. See, e.g.,City of Akron v. Carlson and Ahlstrom (Mar. 11, 1987), Summit App. No. 12771, unreported (motion for return of video game machines and money filed after gambling charges against defendants were dismissed); State v. Kassoff (Aug. 25, 1983), Cuyahoga App. No. 46107, unreported (motion for return of video game machine filed after criminal complaint had been dismissed); see, also,State v. Blount (June 12, 1991), Summit App. No. 14898, unreported (trial court entertained state's post-dismissal forfeiture petition and defendant's motion for return of property, both filed after criminal charges had been dismissed). In fact, particularly applicable here, one court has even held that the denial of a criminal defendant's post-dismissal motion for return of property because defendant failed to appear at the hearing on that motion collaterally estopped defendant's efforts to recover the seized property in a subsequently filed replevin action. SeeJohnson v. City of Cleveland (Jan. 14, 1988), Cuyahoga App. No. 53241, unreported.
Based upon these authorities, we find that the trial court erred in denying appellant's motion for relief from judgment on the grounds that the underlying motion to return property was not properly before the court. Appellant's second assignment of error is well-taken.
Because our resolution of appellant's second assignment of error mandates a reversal of the trial court's decision, appellant's first and third assignments of error are rendered moot. Accordingly, we reverse and remand the matter to the Franklin County Municipal Court for consideration of appellant's motion for relief from judgment on its merits.
Judgment reversed and remanded for further proceedings.
KENNEDY and PETREE, JJ., concur.
[1] We note that appellee filed no brief in this appeal.