I respectfully disagree with the majority's decision to reverse the trial court's judgment. Houpt had the burden of proving his claim in this civil action. In my opinion, he failed to demonstrate that he had any right to the $19,000; therefore, the trial court correctly entered summary judgment for the city and denied Houpt's motion for summary judgment.
This case does not concern the city's power to dispose of property under R.C. 2933.41. The city has not asked the court to dispose of the money as unclaimed or forfeited property in its custody. R.C. 2933.41(D). This case also does not concern the lawfulness of the city's search of the vehicle.[5] Rather, it concerns Houpt's claimed right to possession of the money. The manner in which the city came into possession of the money, and the statutory method by which it can dispose of property, does not address Houpt's claimed right to it. See Eastlake v. Lorenzo (1992),82 Ohio App.3d 740, 743.
For this reason, I disagree with the majority's conclusion that Houpt is entitled to summary judgment because the city came into possession of the money through an invalid inventory search pursuant to an unlawful impoundment of the vehicle. Even accepting, for the sake of argument, that the city is not lawfully in possession of the money, that fact alone does not give Houpt any right to it.
Houpt denies ownership of the money, but he claims to have a greater right to possession of it than the city because the money was found in his vehicle. He argues that the owner of property where mislaid funds are found has a greater right to possession of the funds than anyone except the true owner. The difficulty with this argument is that Houpt claims he was not aware of the presence of the money, so he never had possession of it. As he denies ownership, and never had possession, Houpt has no present right to possession of the money. Therefore, the court correctly entered summary judgment for the city on Houpt's claims,[6] and I would affirm the trial court's ruling on this basis.
Lacking the omniscience of the writer of the lead opinion, I would attribute the unusual fact of our three separate opinions in this case to honestly differing analyses in an area of the law which is not clear. Until our supreme court considers and decides this question, we can anticipate further such differences. Motives aside, that is how the law grows and develops.
[5] While it is appropriate to place the burden of proof on the government to justify a warrantless search in a criminal case in which the government wishes to use the seized evidence against the defendant, it is inappropriate to require the government to show that its search was lawful in a civil proceeding in which the plaintiff's claims are based on an assertion that the search was unlawful. The plaintiff bears the burden of proving his claim. Spurlock v. Thomas (Dec. 2, 1992), Lorain App. No. 92CA005341, unreported. Therefore, if the validity of the search were critical to the outcome here (as the majority suggests), I would disagree with the majority's allocation of the burden of proof on that issue; however, as I have noted elsewhere, I do not believe the validity of the search has any effect on plaintiff's claimed right to the money.
[6] This does not mean that the city can freely dispose of the funds. The appropriate disposition of the seized money must still be determined.