WELBAUM, P.J.
{¶ 1} Defendant-appellant, William A. White, appeals pro se from the judgment of the Miami County Court of Common Pleas denying his "Motion for the Return of Property," wherein White requested the return of property seized from his residence pursuant to a search warrant. For the reasons outlined below, the judgment of the trial court will be affirmed in part, *880 reversed in part, and remanded for further proceedings consistent with this opinion.
Facts and Course of Proceedings
{¶ 2} On June 7, 2016, White was indicted for single counts of illegal manufacture of crack cocaine in violation of R.C. 2925.04(A) and possession of cocaine in violation of R.C. 2925.11(A). The indictment included forfeiture specifications for $1,487 in cash and a 2005 Chrysler Pacifica titled in White's name. The charges and specifications were filed after police officers from the City of Troy executed a search warrant at White's residence on April 8, 2016, during which time the officers found cocaine powder, crack cocaine, and cash. Various items of property, including White's Chrysler Pacifica, were seized as evidence during the search. Following the search, the police had White's vehicle towed to Jim's Towing and Recovery ("Jim's Towing") in Miami County where the vehicle was stored during the pendency of the criminal proceedings brought against White.
{¶ 3} The State never instituted an action for the forfeiture of White's seized property. The State also dismissed all the charges against White without prejudice on December 20, 2016. Following the dismissal, on January 5, 2017, White, with the assistance of counsel, filed a "Motion for Release of Property and Waiver of Storage and Tow Fees." In the motion, White explained that although the police had directed Jim's Towing to release White's vehicle to him, the tow yard refused to do so until the towing and storage fees were paid. White argued that since his criminal case was dismissed, he should not be responsible for the towing and storage fees, and he requested the trial court to order the release of his vehicle.
{¶ 4} Approximately one month later, White and the State filed a "Joint Notice of Stipulation of Facts for Release of Property Motion." In the notice, the parties stipulated to the following:
(1) a search warrant was executed at White's residence on April 8, 2016;
(2) a number of items were seized by the police, including White's Chrysler Pacifica;
(3) White is the title owner of the Chrysler Pacifica;
(4) White purchased the Chrysler Pacifica for $5,075 plus $367.58 in taxes and fees;
(5) the police had the Chrysler Pacifica towed to Jim's Towing in Miami County;
(6) the police placed a hold on the Chrysler Pacifica, which prohibited White from recovering the vehicle;
(7) the indictment filed against White was dismissed on December 20, 2016;
(8) the hold on White's vehicle was released following the dismissal of his case;
(9) when White attempted to retrieve his vehicle from the tow yard he was informed that he would have to pay Jim's Towing approximately $6,000;
(10) $6,000 exceeds the value of the Chrysler Pacifica;
(11) White filed a "Motion for Release of Property and Waiver of Storage and Tow Fees" on January 5, 2017; and
(12) the Kelly Blue Book fair market value/trade-in value of the Chrysler Pacifica is between $1,859 and $2,264.
{¶ 5} White thereafter filed a supplemental brief supporting his "Motion for Release of Property and Waiver of Storage and Tow Fees." In the supplemental brief, White again requested the trial court to order the release of his vehicle from Jim's Towing and for him not to be held responsible for the towing and storage fees owed. The State did not file a response in opposition to White's motion.
*881 {¶ 6} After taking the matter under advisement, on February 15, 2017, the trial court issued a written decision denying White's motion. In denying the motion, the trial court found, based on the parties' stipulations, that White's vehicle was seized by the police as evidence in a criminal matter, which was dismissed, and was not seized or held under the court's authority. The trial court also found that the State had not sought forfeiture of the vehicle under R.C. Chapter 2981 and that the vehicle was not impounded pursuant to any chapter under R.C. Title 45. As a result, the trial court found it had no jurisdiction over the right of possession of the vehicle. Rather, the trial court explained that there were other civil remedies available for White to obtain possession of his vehicle against the claim of Jim's Towing.
{¶ 7} Instead of appealing from the trial court's decision, on August 23, 2017, White filed a pro se "Motion for the Return of Property." In that motion, White sought relief under R.C. Chapter 2981 and requested the trial court to issue an order for the police to return the property seized from his residence on April 8, 2016. White attached an affidavit to the motion listing all the property that he wanted returned, which included his Chrysler Pacifica, two Samsung cell phones, two trays, an iPad, a First Alarm monitor, $1,504 in cash, a Brinks safe, and two lap top computers. White's motion did not address the towing and storage fees for his vehicle nor did it request the trial court to waive the imposition of those fees. White simply argued that the aforementioned property should be returned to him since his criminal case was dismissed.
{¶ 8} On October 17, 2017, the trial court held a hearing on White's "Motion for the Return of Property." Following the hearing, on October 25, 2017, the trial court issued a written decision denying White's motion. In denying the motion, the trial court once again concluded that it did not have jurisdiction over the right of possession of the vehicle since no forfeiture action was ever filed by the State. With regards to the other items of property, the trial court held that although R.C. 2981.11(A)(1) requires lawfully seized property to be kept safely by police, the means of disposal provided in that statute (as described in R.C. 2981.12 and R.C. 2981.13 ) did not apply to White's property because the property was neither unclaimed nor forfeited property. The trial court found that it did not have jurisdiction to grant the release of the property because the City of Troy (as the legal entity overseeing the Troy Police Department) was not a party to the action and that R.C. Chapter 2981 did not provide the trial court with post-conviction jurisdiction to order the release of property or to join other parties.
{¶ 9} White now appeals from the trial court's judgment denying his pro se "Motion for the Return of Property," asserting one assignment of error for review.
Assignment of Error
{¶ 10} White's sole assignment of error is as follows:
THE [TRIAL] COURT ABUSED ITS DISCRETION WHEN IT MADE A RULING THAT WAS CONTRARY TO LAW.
{¶ 11} Under his assignment of error, White contends that the trial court's written decision issued on October 25, 2017, did not conform to the trial court's ruling provided at the October 17, 2017 hearing. Unlike the written decision, White claims the trial court, at the hearing, ordered all of the property he sought in his motion to be returned to him, excluding his vehicle, which the trial court found it lacked jurisdiction to release. In his reply brief, White also argues that because all the charges *882 against him in the underlying criminal matter were dismissed and no forfeiture proceedings were initiated, all of his property, including his vehicle, should be returned to him. White further asks this court to order the State to pay for his vehicle's towing and storage fees.
{¶ 12} Given that White has not fulfilled his duty under App.R. 9(B) to provide a transcript of the October 17, 2017 hearing, we must presume the regularity of the trial court proceedings unless the limited record before us affirmatively demonstrates error. Banks v. Regan , 2d Dist. Montgomery No. 21929, 2008-Ohio-188, 2008 WL 186831, ¶ 2 ; Knapp v. Edwards Laboratories , 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). After a full and thorough review of the available record, we find nothing indicating that the ruling announced by the trial court at the October 17, 2017 hearing was different from the ruling set forth in the written decision of October 25, 2017. As a result, we will presume the regularity of the October 17, 2017 hearing. Therefore, White's claim that the trial court issued different rulings at the hearing and in the corresponding written decision is without merit.
{¶ 13} Also lacking merit is White's claim that the trial court erred in failing to order the return of his vehicle. We note that the portion of White's "Motion for the Return of Property" requesting the release of his vehicle is barred by res judicata because White previously requested such relief in a prior motion and then failed to appeal from the trial court's decision denying the prior motion. See State v. Saxon , 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16 ("any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings"). Accord State v. Woullard , 2d Dist. Montgomery No. 27216, 2017-Ohio-2614, 2017 WL 1592719, ¶ 12. Despite the application of res judicata, the trial court ruled on White's second request for the release of his vehicle and concluded, for a second time, that it did not have jurisdiction over the right of possession of the vehicle.
{¶ 14} Although it was unnecessary for the trial court to rule on the issue a second time, we ultimately agree with the trial court's conclusion. The joint stipulations filed by the parties established that White's vehicle was in the possession of Jim's Towing, a third-party tow yard. The stipulations further established that Jim's Towing would not release the vehicle to White until the towing and storage fees were paid. Although the trial court has jurisdiction over third-party claims to property in forfeiture proceedings, see R.C. 2981.03, no forfeiture proceeding was ever filed in this case.
{¶ 15} In a criminal proceeding, the trial court does not have authority to deprive a third party, such as Jim's Towing, of the possession of property in which it has asserted an interest, as Jim's Towing cannot be afforded an opportunity to assert its rights in a criminal proceeding to which it is not a party. State v. Estep , 4th Dist. Ross No. 94CA2007, 1995 WL 392878, *2-3 (June 26, 1995) ("if the automobile is being held by a third person or entity, such person or entity is not a party to the action below and the court would not have jurisdiction to issue [an order to release the automobile to appellant]"). See also State v. Labriola , 9th Dist. Summit No. 10861, 1983 WL 3973, *2 (Feb. 9, 1983), citing Wacksman v. Harrell , 174 Ohio St. 338, 342, 189 N.E.2d 146 (1963) (a criminal court cannot deprive non-party towing company of property interest, where defendant asked for return of seized property). White's remedy with respect to his vehicle must be in an appropriate civil proceeding. Labriola at *2. Accordingly, *883 the trial court did not err in finding that it lacked jurisdiction to order Jim's Towing to return the vehicle to White.
{¶ 16} We now turn to the other items of property that White requests to have returned. According to White, the other items of property were seized by police during the April 8, 2016 search of his home and are currently in the possession of the police. Other than the affidavit attached to White's "Motion for the Return of Property," there is nothing in the record properly before this court indicating that the police have any of the items White requests to have returned to him. However, given that the trial court addressed the return of the property on the merits, in the interests of judicial economy, we will presume the items are indeed in the possession of the police.
{¶ 17} As previously noted, the trial court held that R.C. Chapter 2981 did not provide it with jurisdiction to order the police to return White's property to him. In reaching this conclusion, the trial court reviewed R.C. 2981.11(A), which provides that:
Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.
{¶ 18} While R.C. 2981.11(A) sets forth the law enforcement agency's duty to safely keep seized property until it is no longer needed as evidence or for another lawful purpose, it does not provide any clarity on the issue of whether a trial court has authority in a dismissed criminal case to order a law enforcement agency to return seized property when forfeiture has not been pursued. We note that the methods of disposing the property in R.C. 2981.12 and R.C. 2981.13 apply to "unclaimed or forfeited property in the custody of a law enforcement agency" and "property ordered forfeited as contraband, proceeds, or an instrumentality." White's property is neither unclaimed nor forfeited; accordingly, we agree with the trial court's conclusion that the provisions in R.C. 2981.12 and R.C. 2981.13 do not apply to the case at bar.
{¶ 19} Under R.C. 2981.03(A)(4), "a person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." While we have held that R.C. 2981.03(A)(4) encompasses claims for the return of seized property even when the State has not pursued forfeiture, State v. Moreno , 2017-Ohio-479, 85 N.E.3d 238, ¶ 26 (2d Dist.), R.C. 2981.03(A)(4) still does not apply here because White does not allege that his property was unlawfully seized. Accordingly, R.C. 2981.03(A)(4) also does not clarify whether a trial court has authority in a dismissed criminal case to order a law enforcement agency to return seized property when forfeiture has not been pursued.
{¶ 20} We also point out that there is an issue as to whether White's "Motion for the Return of Property" was even properly before the trial court. There is a body of case law indicating that an action in replevin is the appropriate procedure for a defendant to reclaim possession of property seized by police after the defendant has been convicted or when the charges against the defendant have been dismissed. See *884 State v. Young , 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991) (holding that the trial court no longer had jurisdiction to hear defendant's motion for return of property after the defendant was convicted and after the time for appeal had lapsed, and that to reclaim possession of his property, defendant's "proper remedy to was to file an action in replevin, the same way a bailor seeking return of his property would sue a bailee"); State ex rel. Jividen v. Toledo Police Dept. , 112 Ohio App.3d 458, 459, 679 N.E.2d 34 (6th Dist.1996) (holding that the proper remedy for the return of property seized at the time of the defendant's arrest was not mandamus but a replevin action); State ex rel. Green v. Toledo Police Dept. , 6th Dist. Lucas No. L-99-1207, 1999 WL 1102687, *1 (Nov. 18, 1999) (holding that where property seized by police was never tied to any criminal activity and where criminal charges were dismissed against the property's owner, "the proper means for seeking return of that property is through an action in replevin").
{¶ 21} However, in State v. Harris , 10th Dist. Franklin No. 99AP-684, 2000 WL 249161 (Mar. 7, 2000), the Tenth District Court of Appeals concluded that replevin is not the exclusive method for seeking the return of seized property and held that a trial court had authority to rule on a motion for return of property that was filed in the defendant's dismissed criminal case. Id. at *2-3. Like the instant case, there is no indication that formal forfeiture proceedings were ever filed in Harris . The Tenth District in Harris explained that:
A civil action for replevin is one method to seek the return of property wrongfully withheld by the state or other public entity. See, e.g., Folden v. City of Columbus (Nov. 17, 1992), Franklin App. No. 92AP-926[ 1992 WL 344918], unreported; Brooks v. Dayton (1990), 70 Ohio App.3d 722, 591 N.E.2d 1352 ; Clinton v. Leis (1977), 56 Ohio App.2d 30, 381 N.E.2d 344 ; see, also, Weiler v. Department of Liquor Control (May 26, 1994), Franklin App. No. 93API09-1289[ 1994 WL 232248], unreported (conversion action appropriate when state department destroyed wrongfully withheld property). However, a separate civil action is not the exclusive method to obtain such relief.
For example, courts routinely address postconviction motions for the return of property previously seized. See, e.g., State v. Kennedy (1996), 114 Ohio App.3d 221, 683 N.E.2d 33 ; State v. Asmo (Mar. 29, 1988), Franklin App. No. 87AP-746[ 1988 WL 37057], unreported; see, also, State v. Jacobs (1940), 137 Ohio St. 363, 30 N.E.2d 432 (specifically holding that postconviction motion by defendant for the return of seized property was proper under predecessor statute to R.C. 2933.41 ). Courts have also entertained such motions filed in criminal cases even after the criminal charges have been dismissed. See, e.g., City of Akron v. Carlson and Ahlstrom (Mar. 11, 1987), Summit App. No. 12771[ 1987 WL 7932], unreported (motion for return of video game machines and money filed after gambling charges against defendants were dismissed); State v. Kassoff (Aug. 25, 1983), Cuyahoga App. No. 46107[ 1983 WL 4656], unreported (motion for return of video game machine filed after criminal complaint had been dismissed); see, also, State v. Blount (June 12, 1991), Summit App. No. 14898[ 1991 WL 108567], unreported (trial court entertained state's post-dismissal forfeiture petition and defendant's motion for return of property, both filed after criminal charges had been dismissed). In fact, particularly applicable here, one court has even held that the denial of a criminal defendant's post-dismissal motion for return of property because defendant failed to appear *885 at the hearing on that motion collaterally estopped defendant's efforts to recover the seized property in a subsequently filed replevin action. See Johnson v. City of Cleveland (Jan. 14, 1988), Cuyahoga App. No. 53241[ 1988 WL 3749], unreported.
Based upon these authorities, we find that the trial court erred in denying appellant's motion for relief from judgment on the grounds that the underlying motion to return property was not properly before the court . Appellant's second assignment of error is well-taken.
(Emphasis added.) Harris , 10th Dist. Franklin No. 2000 WL 249161 at *2. Accord Hicks v. Barberton Police , 9th Dist. Summit No. 23976, 2008-Ohio-2958, 2008 WL 2439814, ¶ 4 ("[r]eplevin may provide a remedy when property has been seized by law enforcement officers and retained after the conclusion of criminal proceedings." (Emphasis added.) ) Contra State v. Hatfield , 10th Dist. Franklin No. 12AP-824, 2013-Ohio-1678, 2013 WL 1790199 (holding that the vehicle for seeking the return of letters seized from the defendant while in jail "is not the filing of a motion under a case number which is attached to a criminal case which is no longer active").
{¶ 22} This court, in State v. Bolton , 2017-Ohio-7263, 97 N.E.3d 37 (2d Dist.), indirectly reached the same conclusion as Harris . In Bolton , the trial court denied the defendant's motion for return of property, which was filed after he was convicted and after he served his sentence. Id. at ¶ 5. Like the instant case, the property at issue was seized from the defendant's residence pursuant to a search warrant and remained in the possession of the police. Id. at ¶ 3. Also like the instant case, the State failed to pursue either criminal or civil forfeiture of the property. Id. at ¶ 13. Instead of holding that the motion for return of property was not properly before the trial court, we reversed the judgment of the trial court and held that "where the statutory requirements for forfeiture have not been met, we have no choice but to reverse the decision of the trial court and remand for further proceedings." Id. at ¶ 17. Although not explicit, this court's holding in Bolton indirectly indicates that the trial court had authority to rule on the motion for return of property. Otherwise, this court would have affirmed the trial court's denial of the motion on the ground that it lacked jurisdiction to rule on the motion. Stare decisis requires this court to adhere to this court's precedent in Bolton , which supports the notion that White's "Motion for the Return of Property" was a viable means to request the return of his property and that the motion was properly before the trial court.
{¶ 23} Although the trial court was correct in that there was nothing in R.C. Chapter 2981 providing it with authority to order the police to return the property in question, there are nevertheless multiple cases indicating that such an order is appropriate under circumstances similar to this case. See State v. Haymond , 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817, 2009 WL 4986322 (ordering the return of seized property upon reversing the trial court's decision overruling defendant's post-conviction motion for return of property on grounds that forfeiture was not properly pursued by the State); State v. Asmo , 10th Dist. Franklin Nos. 87AP-746, 87AP-747, 1988 WL 37057 (Mar. 29, 1988) (affirming the trial court's order for the return of defendant's seized property after finding that the trial court had jurisdiction over the matter); State v. Burrell , 71 Ohio App.3d 507, 594 N.E.2d 1059 (6th Dist.1991) (holding the trial court had jurisdiction to order the return of seized property and that defendant was entitled to have his *886 property returned upon the dismissal of the charges against him). Accordingly, we conclude that, under the specific circumstances of this case, the trial court had authority to order the police to return the requested property to White.
{¶ 24} As for his vehicle's towing and storage fees, White did not raise the issue of who should pay those fees in his "Motion for the Return of Property." Instead, White raised the towing and storage fees issue in a prior motion that was denied by the trial court on February 15, 2017, a decision that White did not appeal.
{¶ 25} "When an appeal is taken from a final judgment, only the judgment appealed from is brought before the appellate court, and upon review, the appellate court will affirm, modify or reverse the judgment appealed from." In re J.L. , 2d Dist. Montgomery No. 26938, 2016-Ohio-5649, 2016 WL 4591379, ¶ 19, citing Troyer v. Goodville Mut. Cas. Co. , 5th Dist. Holmes No. CA-467, 1993 WL 107979, *1 (Apr. 1, 1993), citing In re Kurtzhalz , 141 Ohio St. 432, 48 N.E.2d 657 (1943). Therefore, "an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Citation omitted.) State v. Howard , 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, 2007 WL 2019662, ¶ 10.
{¶ 26} In this case, White appealed from the trial court's October 25, 2017 decision denying his "Motion for the Return of Property." Because White failed to raise the towing and storage fees issue in his "Motion for the Return of Property," the trial court did not rule on that issue when denying his motion. Accordingly, we do not have jurisdiction to review that issue in this appeal, as we only have jurisdiction to review the judgment White appealed from.
{¶ 27} The towing and storage fees issue is also barred by the doctrine of res judicata since White previously sought the same relief in a prior motion that was denied by the trial court, a decision that White could have, but did not appeal. See State v. Carter , 9th Dist. Summit No. 21792, 2004-Ohio-1590, 2004 WL 628178, ¶ 8 ; State v. Goins , 12th Dist. Butler No. CA2004-02-054, 2005-Ohio-828, 2005 WL 459137, ¶ 7.
{¶ 28} For the foregoing reasons, White's sole assignment of error is overruled in part and sustained in part. We sustain White's assignment of error to the extent that the trial court erred in holding that it did not have jurisdiction to order the police to return the property requested in White's affidavit (other than the vehicle). White's assignment of error is overruled in all other respects.
Conclusion
{¶ 29} The judgment of the trial court denying White's "Motion for the Return of Property" is affirmed in part and reversed in part. Specifically, the trial court's judgment that it did not have jurisdiction to order the police to return the property requested in White's affidavit (other than the vehicle) is reversed and that matter is remanded to the trial court for further proceedings consistent with this opinion. The trial court's judgment is affirmed in all other respects.
DONOVAN, J. and FROELICH, J., concur.