Matthias, J.
 

 The sole question presented in this case is the validity of the order of the Court of Common Pleas restoring to the defendant the money seized by the sheriff. The contentions that the proceeding is wholly unauthorized and that the right to the possession of the money in question can be determined only in a separate and independent action to which the sheriff is made a'party and duly served with summons cannot be sustained.
 

 The duties and obligations of a sheriff with respect
 
 *365
 
 to property taken under suck circumstances and conditions as here disclosed are substantially the same whether or not a warrant of' search and seizure had been procured prior thereto, and surely the rights of the owner of such property or money are no less where, as here, the property was taken without such warrant. In either instance, the property or money is under the control and subject to the order of the court pursuant to the statute, not in a separate action but in the same proceeding. As provided by statute (Section 13430-6, General Code), such property is taken for use as evidence and, when that purpose shall have been served, disposition thereof is to be made pursuant to and in accordance with the provisions of Sections 13430-8 and 13430-9, General Code, which are as follows:
 

 Section 13430-8. “If the accused is discharged by the judge or magistrate, the property or other things seized shall be returned to the person in whose possession they were found, unless the possession of such articles is in itself an offense, in which ease they shall be destroyed. If he is convicted, the property shall be returned to its owner, and the other things destroyed under the direction of the court.”
 

 Section 13430-9. “Upon conviction of a person for keeping a room or place to be used or kept for gambling, or knowingly permitting gambling to be conducted therein, or permitting a game to be played for gain, or a gaming device for gain, money or other property or for betting, or gambling, or permitting such device to be so used, or- for being without a fixed residence and in the habit of gambling, if money or other property won in gaming, be found in his possession, such money or other property shall be subject to seizure and payment of a judgment which may be rendered against him, growing out of such violation of law.”
 

 It is pertinent to observe that there are no unpaid
 
 *366
 
 fines do which this fund may he subjected, and it does not appear that there is any existing judgment or contemplated suits to recover any judgment for claimed gambling losses. Such money is not subject to confiscation as is property the possession of which in itself is an offense; neither is there any statutory requirement that it shall be withheld from the owner thereof indefinitely, and such requirement cannot be read into the statute above quoted. The contention of the prosecuting attorney therefore cannot be sustained that these funds may not be restored to the defendant but must be held for the period of a year for the satisfaction of any judgment for losses sustained by participants in gambling in such place which might be procured against the defendant and then, if no such claims arise, shall be deemed “a perquisite” and paid “into the county treasury, to the credit of the general county fund” under the provisions of Section 2983, General Code.
 

 We are in accord with the conclusion of the Court of Appeals, and its judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Wieuiams and Hart, JJ., concur.