RYALS *v.* COLLINS, CHIEF OF POLICE.

(No. 75-CI-H907—Decided December 22, 1975.)

Shaker Heights Municipal Court.

*Mr. John W. Martin,* for plaintiff.
*Mr. Louis H. Orkin,* for defendant.

ROCKER, J. This action in replevin arises from seizure of moneys by city of Beachwood police during a raid on a poker game being played in a Sheraton Motor Hotel. Plaintiff was a participant in the game; he subsequently entered a no contest plea to the charge of gambling as defined in the Codified Ordinances of the City of Beachwood. A finding of guilty was made, the fine and costs were paid.

The police had made a careful accounting of moneys seized and it is admitted that plaintiff had the sum of $8 in the "pot" at the time of the arrest. It is also admitted that he had the sum of $255 directly in front of his place at the table and that such money had not yet been entered into play.

Defendant refused to return to plaintiff the $255 sum on the ground that it was subject to confiscation "* * * as both evidence of crime and the corpus delicti of the crime, and that such confiscated evidence used for the commission of crime cannot be obtained by participants thereto." De-

fendant further raises the question of a Municipal Court's jurisdictional powers over the subject matter since the adoption by the Legislature of R. C. 2933.41.

R. C. 2933.41 is entitled "Disposition of property held by law enforcement agency" and was adopted January 1, 1974, as part of the new criminal code. Its avowed purpose, according to legislative analysis, was to clarify procedures available for disposition of various types of seized or forfeited items as well as unclaimed, abandoned, stolen or lost articles. Among its provisions is Item (D) which states that unclaimed or forfeited property in the custody of a law enforcement agency shall be disposed of on application to and order of the Common Pleas Court of the county in which the law enforcement agency is located.

This court does not agree with the contention that R. C. 2933.41 (D) deprives this court of jurisdiction to hear an action in replevin under the conditions involved herein. The property which is subject of the action is not "unclaimed" nor is there any ordinance of the city of Beachwood which provides for forfeiture of moneys used in gambling transactions pursuant to R. C. 2933.41(F). Furthermore, R. C. 2933.41 (D) sets forth various types of items of evidence which may be ordered forfeited or destroyed by the order of the Common Pleas Court, none of those items includes specifically moneys used in gambling offenses.

It is only Item (C) of R. C. 2933.41 which gives any suggestion as to general provisions regarding forfeiture of property used in commission of crime. R. C. 2933.41 (C) provides as follows:

"(C) A person loses any right he may have to possession of property:

"(1) Which was the subject, or was used in a conspiracy or attempt to commit, or the commission of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) when, in the light of the nature of the property or the circumstances of the person, it is unlawful for him to acquire or possess it."

Plaintiff was an offender as described in R. C. 2933.41 (C) and was clearly an accomplice with the other players in the gambling violation. It might be further said that he was a conspirator by having in his presence additional funds to use at his discretion for further violation of the gambling offense.

The question remains, however, as to whether the other requirements of R. C. 2933.41(C) are met, to wit: "When in the light of the nature of the property or the circumstances of the person, it is unlawful for him to acquire or possess it."

It is admitted that the nature of the property was valid United States currency; certainly not unlawful to possess or acquire and regretably acquisition and possession of large amounts of it are often used to measure the quality of the citizen.

Turning then to the "circumstances of the person" provision of R. C. 2933.41(C), the court must consider all of the circumstances, including relation to the public safety, health, morals, and welfare standards. On this subject it is to be recognized that by amendment to the Constitution of the state of Ohio, gambling is permitted and has received by overwhelming vote of the people an imprimatur of respectability. That is, provided that the state, itself, conducts the game which uses cards or tickets of a different style than the 52 card deck, and provided further that similar games are conducted for benefit of charitable or religious institutions. All of which persuades this court to find that plaintiff cannot be considered to be unfit to possess the moneys which he had not lost or which he had not yet had the opportunity to invest in the game.

It is the opinion of this court, therefore, that disposition of moneys seized in gambling violation arrests, are to be controlled under statutes enacted prior to R. C. 2933.41 and which, in this court's opinion, were neither expressly nor by implication repealed. Those statutes are: R. C. 2933.28, and 2933.29.

R. C. 2933.28 provides, in substance, that if the accused is discharged by a judge or magistrate, or if he is

convicted, "* * * the property or other things *seized under* *a search warrant* shall be returned to the person in whose possession they were found, unless the possession * * * in itself is an offense." (Emphasis added.)

In *State* v. *Jacobs* (1940), 137 Ohio St. 363, also a case involving seizure of gambling operation moneys, the Supreme Court of Ohio considered the question as to whether such return of property could apply only when seized under a search warrant. The court stated, at page 365:

"* * * [S]urely the rights of the owner of such property or money are no less where, as here, the property was taken without such warrant."

No search warrant was obtained in the instant case and in view of the abovementioned holding in *State* v. *Jacobs* that fact would not be relevant herein as well.

The other prior code section, R. C. 2933.29, provides for disposition of moneys seized from persons convicted of keeping a room for gambling and miscellaneous other types of gambling promotional activities. That section simply provides that such moneys are subject to seizure for payment of a judgment which may be rendered against the violator growing out of the violation. It was under a prosecution related to this particular section, then known as G. C. 13430-9, that the Ohio Supreme Court made its ruling in aforementioned *State* v. *Jacobs.*

It is the finding of this court that plaintiff is the rightful owner of the sum of $255 in custody of the Beachwood police department; that he has a right to possession of such moneys, that the judgment for fines and costs levied upon him by this court have been paid. Upon such findings, the Chief of Police of the City of Beachwood police department is ordered to return forthwith to plaintiff said moneys. Court costs to be assessed against defendant.

*Judgment accordingly.*