[Cite as *Long v. State*, 2012-Ohio-366.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97044**

## MARVIN LONG

PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-754989

**BEFORE:** E. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEYS FOR APPELLANT**

James R. Willis
Myron P. Watson
420 Lakeside Place
323 Lakeside Avenue, N.W.
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor

By:   Reno J. Oradini, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1}   Marvin Long appeals from the decision of the trial court dismissing his petition for return of seized property for lack of jurisdiction.   Long argues the trial court erred when it dismissed his action, that the search warrant forming the basis of the seizure was invalid on its face, and that the trial court erred when it failed to hold a prompt hearing on his petition for return of seized property.   Finding merit in the instant appeal, we reverse the decision of the trial court and remand for an evidentiary hearing.

{¶ 2}  On May 6, 2011, members of the Cuyahoga County Sheriff's Department and the United States Department of Justice Drug Enforcement Administration, Cleveland Office, executed a search warrant at 2994 Ripley Road, Cleveland, Ohio 44120.  The warrant was issued by a judge of the Cuyahoga County Court of Common Pleas.  Pursuant to the warrant, officers seized two handguns, an undetermined amount of cash, and miscellaneous papers that belonged to Marvin Long.  The record does not include a search warrant returned to any court.  However, a search warrant inventory receipt upon which the plaintiff ostensibly has signed his name as a witness reflects the seizure of two (2) handguns, an unknown amount of U.S. currency, a bag of receipts, and miscellaneous documents.

{¶ 3}  On May 11, 2011, Long filed a petition for the return of seized property in the common pleas court pursuant to R.C. 2981.03.  On May 26, 2011, the state filed a motion to dismiss Long's petition and, on June 15, 2011, the trial court conducted a hearing on the motion.

{¶ 4}  At the hearing, the state argued that the common pleas court did not have jurisdiction over Long's petition because the property seized had been, or remained, with federal authorities.  Additionally, the state suggested that the money seized by the officers had been returned to Long prior to the hearing and that the two handguns that had been seized would also be returned, if they passed criminal history checks.  In response, attorneys for Long argued that the common pleas court did have jurisdiction to

hear Long's petition and that the Drug Enforcement Agency agent could not apply for a warrant in common pleas court. Regardless of whether the money had been returned, Long's attorneys sought a ruling on Long's petition. At the close of the hearing, the trial court dismissed Long's petition, finding that it did not have jurisdiction to hear the matter, and that jurisdiction rested with the federal court.

{¶ 5} Long appeals, raising the three assignments of error contained in the appendix to this opinion.

{¶ 6} In his first assignment of error, Long argues the trial court erred when it dismissed his petition for the return of seized property.

{¶ 7} In putting forth this assigned error, Long fails to cite to any legal authority in support of his argument. The first assigned error lacks any legal authority supporting Long's contention that the trial court erred, a failure that allows this court to disregard his arguments. App.R. 12(A)(2); App.R. 16(A)(7); *State v. Martin*, 12th Dist. No. CA99-01-003, 1999 WL 527836 (July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 658 N.E.2d 1109 (1995); *Siemientkowski v. State Farm Ins.*, 8th Dist. No. 85323, 2005-Ohio-4295, 2005 WL 1994486. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Nos. 18349 and 18673, 1998 WL 224934 (May 6, 1998).

{¶ 8} However, we will address the merits of Long's first assigned error. The record is devoid of any evidence establishing which entity maintained jurisdiction over

the seized property. The only evidence before this court that references the United States government are two pieces of paper: (1) a U.S. Department of Justice-Drug Enforcement Administration Receipt for Cash or Other Items, which lists the six items seized on May 6, 2011; and (2) a U.S. Department of Justice-Drug Enforcement Administration Receipt for Cash or Other Items, which lists the "undetermined United States Currency" as being turned over to the owner, Marvin Long, on May 24, 2011. Neither of these documents establishes whether state or federal authorities had actually seized or maintained possession of the seized property.

{¶ 9} Based on the record before this court, we are unsure which agency actually seized the property, federal authorities or the Cuyahoga County Sheriff's Department. If the state seized the property, and the federal authorities adopted the property as alleged by the state in its brief, this court has no evidence of the manner in which this adoption was procured or finalized. *See Harris v. Mayfield Hts.,* 8th Dist. No. 95601, 2011-Ohio-1943, 2011 WL 1584579, appeal not allowed by *Harris v. Mayfield Hts.*, 129 Ohio St.3d 1489, 2011-Ohio-5129, 954 N.E.2d 662. There is simply no evidence in the record for this court to make that determination.

{¶ 10} R.C. 2981.03 does not limit actions in replevin from only specified defendants. Irrespective of whether the property is in the possession of the state of Ohio or the United States of America, Long may go forward with this replevin action. There is no evidence for the prosecutor's argument that the state of Ohio has never had

possession of the property. The two federal documents referenced by the prosecutor that he claims demonstrate the lack of possession on the part of the state do not reflect that proposition at all. They are merely receipts on U.S. Department of Justice-Drug Enforcement Administration pre-printed forms.

{¶ 11} Based on the foregoing, we sustain Long's first assignment of error.

{¶ 12} In his second assigned error, Long argues that the search warrant was facially defective and, therefore, the court erred in dismissing his petition. The crux of Long's argument is that Special Agent Joseph Harper, the individual who requested the search warrant from the common pleas court, was not a law enforcement officer within the meaning of Ohio's Criminal Rules. This assigned error lacks merit.

{¶ 13} Crim.R. 41(A) states in pertinent part: "A search warrant * * * may be issued * * * upon the request of a *** law enforcement officer." Crim.R. 2(J) defines "law enforcement officer" and absent from this definition is a federal agent. In the present case, if Special Agent Joseph Harper had acted alone, Long's argument would have some merit. The search warrant itself, however, clearly shows that it was addressed to both the Cuyahoga County Sheriff's Department and the city of Cleveland, Chief of Police, entities that are authorized by Crim.R. 41(A) to execute a search warrant. As stated by this court in *State v. Joiner*, 8th Dist. No. 81394, 2003-Ohio-3324, 2003 WL 21468900, "[f]ederal and state officers often work in conjunction in criminal cases and their cooperating in the execution of a search warrant

is acceptable provided they are searching for the same contraband." *See also State v. Siegrist*, 11th Dist. No. 10-088, 1984 WL 7295 (Sept. 28, 1984) (upholding warrant allegedly requested by DEA agent but executed by local police); *State v. Miller*, 9th Dist. No. 12198, 1986 WL 1127 (Jan. 22, 1986) (stating that if officers from the jurisdiction where the search took place are present, the presence of unauthorized officers is immaterial); *State v. Ridgeway*, 4th Dist. No. 00CA19, 2001-Ohio-2655, 2001 WL 1710397 (holding that DEA agent could participate in search on local warrant).

{¶ 14} Accordingly, Long's challenge to the search warrant is without merit. His second assignment of error is overruled.

{¶ 15} In his third and final assignment of error, Long argues the trial court erred in failing to hold a prompt hearing on his petition for return of seized property. We disagree.

{¶ 16} In the present case, Long filed his petition for the return of seized property on May 11, 2011 and on June 15, 2011, the trial court conducted a hearing, which Long failed to attend. Nowhere in his brief does Long argue that a lapse of 35 days does not constitute a prompt hearing. Instead, Long reiterates his arguments that the state had jurisdiction over the matter and that the search warrant was defective, arguments which we addressed, in full, above.

{¶ 17} Accordingly, Long's third and final assignment of error is overruled.

{¶ 18} The judgment of the trial court is reversed and remanded for further

proceedings consistent with this opinion.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
KENNETH A. ROCCO, J., CONCUR

**Appendix**

**Assignments of Error:**

**I.   Given the common pleas court has jurisdiction to entertain a "petition for the return of seized property" that was filed when there were no charges lodged in the wake of an assailed seizure, it follows the court erred when it dismissed the appellant's action filed under favor of Revised Code of Ohio, 2981.03(A)(4).**

**II.   Given the search warrant, on the basis of which the appellant's property was seized, was patently defective, indeed on its face, it follows the court not only erred, but due process was offended when**

the court dismissed this statutory cause of action.

**III.   Given due process, independent of the state statutes and rules (including those cited above), requires the state once it seizes private property in the name of the state to provide the person (or persons) from whom the property was seized a prompt hearing in which the state must establish its right to maintain possession of such property.**