[Cite as *Long v. State*, 2012-Ohio-5724.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98348**

---

## MARVIN LONG

PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CV-754989

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEYS FOR APPELLANT**

James R. Willis
Myron P. Watson
323 West Lakeside Avenue
Lakeside Place, Suite 420
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Reno J. Oradini, Jr.
Assistant Prosecuting Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Marvin Long, appeals from the trial court's judgment denying his motion to unseal a search warrant affidavit. Finding no merit to the appeal, we affirm.

{¶2} On May 6, 2011, members of the Cuyahoga County Sheriff's Department and federal Drug Enforcement Administration ("DEA") agents executed a search warrant at Long's home. The warrant was issued by a common pleas court judge, who ordered the search warrant affidavit sealed in

order to protect the identity of an informant and not compromise the ongoing police investigation into the criminal activity that was the subject of the warrant. The DEA agents and sheriff's deputies seized two handguns, an undetermined amount of cash, and miscellaneous papers and receipts from Long's home.

{¶3} No state or federal indictment, information, or complaint seeking forfeiture of the seized items was subsequently filed. On May 11, 2011, Long filed a petition in the common pleas court for return of the property pursuant to R.C. 2981.03.

{¶4} In June 2011, the court held a hearing regarding Long's petition. At the hearing, Long argued that the search warrant was invalid because the DEA agent who obtained the warrant had no authority to obtain a state search warrant from a state court judge. The state, on the other hand, argued that the trial court did not have jurisdiction to consider Long's petition because the state never took possession of the seized property, which was in the possession of the federal authorities. The trial court subsequently dismissed Long's petition, finding that it did not have jurisdiction to hear the matter and that jurisdiction rested with the federal court.

{¶5} On appeal, this court held that the trial court erred in dismissing Long's petition. *Long v. State*, 8th Dist. No. 97044, 2012-Ohio-366 ("*Long I*").

This court ruled that there was insufficient evidence in the record to determine whether state or federal authorities had possession of the seized property, but regardless of which authority had possession, the trial court had jurisdiction to consider Long's petitition. *Id*. at ¶ 9-10.

**{¶6}** This court also held that Long's challenge to the DEA agent's authority to obtain the state search warrant was without merit. Specifically, this court found that the warrant was addressed to both federal and state entities authorized to execute state search warrants, and that it is acceptable for state and federal officers to jointly execute a warrant if they are searching for the same contraband. *Id*. at ¶ 13. Accordingly, this court held that the warrant was valid. *Id*. at ¶ 14. Lastly, this court rejected Long's contention that the trial court had not held a prompt hearing on his petition. *Id*. at ¶ 17.

**{¶7}** On remand, the trial court set the matter for another hearing on Long's petition. On April 11, 2012, the day of the hearing, Long filed a motion to unseal the search warrant affidavit.

**{¶8}** At the hearing, Long again argued that the search warrant was illegal because the DEA agent who obtained the warrant was not authorized to obtain a search warrant from a state court unless the warrant was for property related to a federal crime. Accordingly, Long argued that the trial

court should unseal the warrant affidavit to determine whether the DEA agent had averred that the authorities were searching for property related to a federal crime.

{¶9} The trial court advised Long that if he believed the search warrant was illegal, his remedy was to file a separate, civil rights action against the government. The court also told Long several times that his replevin action "[wasn't] the proper vehicle to do discovery for a potential, possibly valid civil rights action."

{¶10} With respect to the seized property, Long admitted that the money had been returned to him. He also admitted that he had received a letter from the DEA informing him that the guns were available to be returned to him; the letter gave him the name and telephone number of the DEA agent he was to contact to arrange for their return.

{¶11} After the hearing, the trial court issued a judgment denying Long's motion to unseal the search warrant affidavit and ordering the federal authorities to return all property to Long by April 20, 2012.

{¶12} Long appeals from this judgment. In his first assignment of error, he contends that the trial court abused its discretion and denied him due process when it denied his motion to unseal the search warrant affidavit. In his second assignment of error, he contends that the trial court erred by

not articulating its reasons as to why it denied the motion. We consider these assignments of error together because they are related, and find no error in the trial court's ruling.

{¶13} First, there was no need for the trial court to order the affidavit unsealed. This matter originated with Long's filing of a petition for return of seized property pursuant to R.C. 2981.03. Long's prayer for relief requested that "this petition be granted and all property seized returned to him on the[sic] forthwith basis." All seized monies were returned to Long prior to the hearing held upon remand, and the trial court ordered that any other property be returned to him by April 20, 2012. Accordingly, all issues related to Long's petition were resolved by the court's order.

{¶14} Moreover, any argument regarding the validity of the search warrant was barred by the doctrine of law of the case. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Thus, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial that were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." *Hubbard ex rel.*

*Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 1996-Ohio-174, 659 N.E.2d 781.

**{¶15}** In *Long I*, this court addressed Long's argument regarding the DEA agent's alleged lack of authority to obtain a state court warrant, and held that the warrant was valid. Because the issue was decided, Long was barred on remand from raising and attempting to re-litigate the same issue. Accordingly, the trial court did not err in denying Long's motion to unseal the warrant affidavit.

**{¶16}** Last, we find Long's assertion that the trial court erred because it did not articulate its reasons for denying his motion to unseal the affidavit to be without merit. Although the court did not set forth reasons for denying the motion in its judgment entry (which it was not required to do), the record reflects that the court told Long repeatedly at the hearing that his replevin action was not the proper venue for such a motion.

**{¶17}** The first and second assignments of error are therefore overruled.

**{¶18}** Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this

judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR