[Cite as *State v. Clayton*, 2013-Ohio-2198.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98795

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DEMARCO CLAYTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561140

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEY FOR APPELLANT**

James R. Willis
323 West Lakeside Avenue
420 Lakeside Place
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Ma'Rion D. Horhn
         Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Demarco Clayton ("Clayton") appeals the denial of his motion for return of forfeited property. We find no merit to the appeal and affirm the trial court's judgment.

{¶2} Clayton was charged with drug trafficking, possession of criminal tools, carrying a concealed weapon, and having weapons while under disability. All the charges included forfeiture specifications for a scale, a handgun, and $22,832 found in Clayton's vehicle.

{¶3} Clayton filed a motion to dismiss and a motion for pretrial release of money. In its response, the state provided evidence that Clayton's money and other forfeited property were seized pursuant to a federal warrant and were in the custody of the federal government.

{¶4} A month later, Clayton filed a second motion to dismiss. The state responded by filing a motion to dismiss without prejudice. The court granted the state's motion and dismissed the case without prejudice. In a separate entry, the court denied Clayton's motion for return of property as moot. It ruled that the return of property, which was in federal custody, had to be addressed in the federal court. Clayton now appeals, raising two assignments of error.

**Final, Appealable Order**

**{¶5}** As a preliminary matter, we address the state's assertion that we lack jurisdiction to hear this appeal. The state contends that because the trial court dismissed the case without prejudice and denied Clayton's motion for return of property as moot, there is no final, appealable order. We disagree.

**{¶6}** Pursuant to R.C. 2505.02(B)(4), the Ohio Supreme Court has held that an order granting or denying a provisional remedy is a final, appealable order if it satisfies the following three-part test:

> (1) the order must either grant or deny * * * a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

*State v. Muncie*, 91 Ohio St.3d 440, 446, 2001-Ohio-93, 746 N.E.2d 1092.

**{¶7}** R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." A "proceeding ancillary to an action" is "'one that is attendant upon or aids another proceeding.'" *Muncie* at 449, quoting *Bishop v. Dresser Indus., Inc.,* 134 Ohio App.3d 321, 324, 1999-Ohio-911, 730 N.E.2d 1079 (3d Dist.). A motion for the return of forfeited property creates an ancillary proceeding to the underlying criminal case because it presents a claim that arises from the criminal prosecution. Therefore, the trial court's

order denying Clayton's motion for return of seized property is a provisional remedy. R.C. 2505.02(A)(3).

{¶8} The second prong of the test requires the court to "both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy." *Muncie* at 446. An order denying a motion for return of seized property "determine[s] the action with respect to the provisional remedy" because it precludes the defendant from obtaining the relief he requested, namely the return of his property. It also prevents a judgment in the movant's favor with respect to the provisional remedy. Thus, the trial court's order meets the second prong of the test.

{¶9} Under the third prong, the order must satisfy R.C. 2505.02(B)(4)(b), which requires a determination of whether the order precludes "a meaningful or effective remedy" via appeal, following a final judgment as to all the claims in the action. *Id.* R.C. 2505.02(B)(4)(b) does not require "the absence of every theoretical remedy in order to find that appellant would be denied a 'meaningful' or 'effective' remedy following final judgment." *Bob Krihwan Pontiac-GMC Truck Inc. v. Gen. Motors Corp.*, 141 Ohio App.3d 777, 781, 753 N.E.2d 864 (10th Dist.2001). "[T]he statute asks whether a postponed appeal is sufficient to remedy the effects of the order granting or denying the provisional remedy, not whether appellants have other separate remedies available at the trial court level." *Premier Health Care Servs. Inc. v. Schneiderman,* 2d Dist. No. 18795, 2001 Ohio App. LEXIS 5170, *7 (Aug. 21, 2001).

{¶10} Here, the trial court dismissed the entire case without prejudice and denied Clayton's motion for return of property as moot. The dismissal of the case without prejudice leaves the defendant in limbo and prevents him from appealing some other "final" order whereby he may also appeal this ancillary judgment. If Clayton were never reindicted, he would be precluded from ever obtaining review of the trial court's denial of his request for return of his property. Therefore, a trial court's order denying a defendant's motion for return of forfeited property precludes a meaningful and effective remedy on appeal after final judgment where the case was dismissed without prejudice. *See DiBella v. United States*, 369 U.S. 121, 131-132, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) (holding that the denial of motion for return of forfeited property is a final, appealable order when the "motion [wa]s solely for return of property"); *United States v. Elliott,* 149 Fed.Appx. 489, 492 (7th Cir.2005) (holding that preliminary forfeiture order, rather than final forfeiture order, was final because it was conclusive as to defendant's interest in the property "and thus was the final order in the matter as to him"); *Epstein v. United States*, 359 A.2d 274, 277 (D.C.Cir.1976) (holding that denial of motion for return of seized property was final and appealable where a "nolle prosequi" was entered on the original charges).

{¶11} Therefore, the trial court's denial of Clayton's motion for return of forfeited property is a final, appealable order.

**Forfeiture**

{¶12} In his first assignment of error, Clayton argues the trial court erred in dismissing the case without disposing of all aspects of the case. In the second assignment of error, he argues that, "absent a dispositive order, the case cannot be finally resolved." In both assigned errors, Clayton argues that the trial court erred in dismissing the case without ordering the return of his property.

{¶13} R.C. 2981.03(A), Ohio's forfeiture statute, provides in relevant part:

> A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. * * * If the motion is filed by a defendant after an indictment, information, or a complaint seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence. R.C. 2981.03(A)(4).

{¶14} It is undisputed that the charges against Clayton were dismissed without prejudice. He was not convicted of any crimes for which he was arrested, and his property was seized. Therefore, his motion for return of property would likely have been successful pursuant to R.C. 2981.03(A), but for the fact that the police transferred the property to the federal government pursuant to 18 U.S.C. 981(b)(2).

{¶15} 18 U.S.C. 981(b)(2), which governs federal forfeitures, provides that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant" unless certain exceptions apply. In response to Clayton's motion for return of property, the state provided copies of two federal warrants for the seizure of Clayton's property, including $22,832 in U.S. currency.

Therefore, local police legally transferred Clayton's property to federal authorities pursuant to federal warrant.

**{¶16}** The Ohio Supreme Court made it clear that when property and money are forfeited under federal law, it is immaterial what Ohio's forfeiture statute provides by way of relief. *State ex rel. Chandler v. Butler*, 61 Ohio St.3d 592, 593, 575 N.E.2d 833 (1991). *See also State v. Primm*, 8th Dist. No. 94630, 2011-Ohio-328. Clayton's claim, if any, is against the federal government. *Id.*

**{¶17}** This court shares the same concerns articulated in the concurring opinion in *Primm* regarding a loophole that permits local law enforcement to circumvent the procedural protections contained in the state forfeiture statute by simply transferring the property to federal authorities pursuant to federal statute. Nevertheless, "we are bound to follow the Supremacy Clause codified in Article VI of the United States Constitution as well as the Ohio Supreme Court's holding in *State ex rel. Chandler v. Butler*." *State v. Scott*, 7th Dist. No. 98 CA 174, 2000 Ohio App. LEXIS 1221 (Mar. 22, 2000).

**{¶18}** Therefore, Clayton's two assignments of error are overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

EILEEN A. GALLAGHER, J., DISSENTING:

**{¶20}** I respectfully dissent. I would sustain Clayton's first and second assignments of error in part, reverse the judgment of the trial court denying as moot appellant's motion for return of forfeited property, and remand for further proceedings to properly dispose of the motion.

**{¶21}** To the extent that both of Clayton's assignments of error present, in part, arguments challenging the trial court's order granting the state's motion to dismiss the criminal case without prejudice, I would find that this court is without jurisdiction to consider *those portions* of Clayton's arguments. The dismissal of a criminal complaint, without prejudice, is not a final, appealable order. *Fairview Park v. Fleming*, 8th Dist. Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec. 7, 2000); *State v. Brown*, 8th Dist. No. 84229, 2004-Ohio-5587, ¶ 6.

**{¶22}** I agree with the majority opinion's well-reasoned conclusion that the trial court's denial of Clayton's motion for return of forfeited property as moot is a final, appealable order. However, under the unique facts of the present case, I disagree with the majority's conclusion that Clayton's sole remedy lies against the federal government.

{¶23} This court has previously expressed its concern with the now commonplace circumvention of Ohio's forfeiture statute by local and federal authorities. *See, e.g., Harris v. Mayfield Hts.*, 8th Dist. No. 95601, 2011-Ohio-1943; *State v. Primm*, 8th Dist. No. 94630, 2011-Ohio-328; *Cleveland v. Cunningham*, 8th Dist. No. 95267, 2011-Ohio-2276; *Long v. State*, 8th Dist. No. 97044, 2012-Ohio-366. The fact that the transfer of funds, originally seized by local law enforcement, allegedly occurred by means of a federal warrant, pursuant to 18 U.S.C. 981(b)(2), during a brief period where the underlying state criminal charges against appellant were not pending does not lessen my concerns of systematic abuse. The same underlying problems noted in the "adoptive" forfeiture cases pursuant to 18 U.S.C. 981(b)(2)(C) persist here.

{¶24} *Primm* presented an instance of an adoptive seizure by the federal government where the trial court subsequently declined to hear a criminal defendant's motion for the return of his property on jurisdictional grounds. *Primm* resulted in three separate opinions. I find the reasoning of the dissent in *Primm* to be persuasive in the present instance. The *Primm* dissent found that the state court retained jurisdiction over the seized funds despite the alleged federal transfer based on in rem jurisdiction, explaining:

> In in rem jurisdiction cases, the court first assuming jurisdiction over the property maintains jurisdiction to the exclusion of all other courts. *Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania, ex rel. Schnader* (1935), 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. In this case, once the state forfeiture action was filed * * * the [later] federal forfeiture claim * * * was of no consequence.

*State v. Primm*, 8th Dist. No. 94630, 2011-Ohio-328, ¶ 20.

**{¶25}** The dissent in *Primm* rejected the contention that the transfer of the seized funds to the federal government conferred in rem jurisdiction on the federal government over and above the state's jurisdiction. *Id.* at ¶ 21. While I am cognizant of the well-reasoned argument contained in the concurring opinion in *Primm*, I find the dissent's analysis to be salient in the present case.

**{¶26}** Pursuant to R.C. 2981.03(A)(1):

> The state or political subdivision acquires provisional title to property subject to forfeiture under this chapter upon a person's commission of an offense giving rise to forfeiture, subject to third party claims and a final adjudication under section 2981.04 or 2981.05 of the Revised Code. Provisional title authorizes the state or political subdivision to seize and hold the property, and to act to protect the property, under this section before any proceeding under this chapter. Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order under section 2981.04 or 2981.05 of the Revised Code, but that title is subject to third party claims adjudicated under those sections.

**{¶27}** As this court explained in *Harris v. Mayfield Hts.*, 8th Dist. No. 95601, 2011-Ohio-1943:

> The State's arguments that they do not have the seized property are disingenuous. The State, by acting as a conduit from the owner or possessor of the property to the United States of America is entitled, upon forfeiture, to the return of a substantial amount of the monies seized. Accordingly, the State has a genuine pecuniary interest in any seized property. The artificiality of their specious claims that since they no longer are in possession of the seized property, they cannot be held accountable in replevin, can be viewed as an attempt by the State to knowingly circumvent the replevin statutes. The State levies a preposterous argument. For example, if a thief places stolen property in the home of a third person, should he not be held accountable for its return when the whereabouts of the property are discovered? The mere deposit of currency in a repository operated by the United States government does not obviate the obvious, the depositor has rights to that which has been deposited.

*Id.* at ¶ 48.

{¶28} Consistent with the *Primm* dissent's rationale, Chapter 9-116.110 of the United States Attorney's Manual specifically forbids a federal agency from adopting a seizure while the property remains subject to the jurisdiction of a state court. *Cleveland v. Cunningham*, 8th Dist. No. 95267, 2011-Ohio-2276, ¶ 34 (Eileen A. Gallagher, J., dissenting).

{¶29} The Fifth Amendment to the Constitution of the United States, made applicable to the several states through the Fourteenth Amendment, states: "No person shall be * * * deprived of life, liberty or property without due process of law."

{¶30} Article I of the Ohio Constitution provides: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of * * * acquiring, possessing, and protecting property * * *."

{¶31} In the present instance, the state, having twice dismissed the underlying criminal charges against appellant and by its own admission abandoned any pursuit of forfeiture specifications relating to the subject funds, has offered no argument either before the trial court or on appeal that would support any further deprivation on its part of appellant's right to possess his property.

{¶32} For these reasons, I would sustain Clayton's first and second assignments of error in part.