[Cite as *Jenkins v. Cleveland*, 2019-Ohio-458.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.    107135

---

### ANDRE JENKINS

PLAINTIFF-APPELLANT

vs.

### CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-15-854094

**BEFORE:**    Boyle, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**    February 7, 2019

**ATTORNEYS FOR APPELLANT**

James R. Willis
614 W. Superior Avenue, Suite 1144
Cleveland, Ohio    44115

Clarissa Smith
C.A. Smith Law Office, L.L.C.
1801 Euclid Avenue, Suite A075
Cleveland, Ohio    44115


**ATTORNEYS FOR APPELLEES**

**For City of Cleveland, et al.**

Barbara A. Langhenry
Director of Law
BY:    Elena N. Boop
           Luke D. Mahoney
Law Department
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114

MARY J. BOYLE, P.J.:

{¶1}    Plaintiff-appellant, Andre Jenkins, appeals from the trial court's judgment granting summary judgment to defendants-appellees, the city of Cleveland, Cleveland Police Chief Calvin Williams, and Officer Colin Ginley ("defendants" or "the city").    He raises two assignments of error:

> 1. Due process is denied when, without a factual basis (and solely on the basis of naked, unclad, unproven, unprovable and unfounded conclusions), the court concluded it lacked jurisdiction to determine whether money seized incident to an arrest by local police was forfeitable.

2. Absent a factual finding that the federal court had indeed acquired jurisdiction, and given that "the court that exercises first jurisdiction" over seized property does so exclusively, it follows the court here erred when it declared it lacked jurisdiction.

{¶2} Finding no merit to his assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶3} We previously discussed the procedural history and factual background of this case in Jenkins's previous appeal in *Jenkins v. Cleveland,* 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054,

> The instant matter arose from a dispute over $14,890 that officers from the Cleveland Police Department seized from Jenkins during a traffic stop on August 24, 2015.
>
> On November 10, 2015, Jenkins, pursuant to R.C. 2981.03(A)(4), filed a petition for return of property against defendants-appellees[.] In his petition, Jenkins argued that the officers illegally seized his money without probable cause and requested that the money be returned immediately.
>
> On December 1, 2015, the city filed two motions to dismiss: one pertained to the city and Chief Williams, and the other pertained to Officer Ginley. In its motions to dismiss, the city argued that (1) the federal government filed a warrant to seize Jenkins's money in the United States District Court for the Northern District of Ohio on October 7, 2015; (2) the city turned the money over to the federal government pursuant to the federal warrant on October 8, 2015; and (3) the city no longer possessed Jenkins's money and, thus, had nothing to return to Jenkins.
>
> On June 27, 2016, the trial court granted the city's motions to dismiss, and dismissed the matter pursuant to *State v. Clayton*, 8th Dist. Cuyahoga No. 98795, 2013-Ohio-2198.

*Id.* at ¶ 2-5.

{¶4} Jenkins appealed, challenging the trial court's order granting defendants' motions to dismiss and arguing that the trial court erred by failing to hold a hearing and not making findings of fact. *Id.* at ¶ 6. This court agreed with Jenkins, holding that "the record is devoid

of any evidence supporting the city's assertions that the federal government seized Jenkins's money, the city transferred Jenkins's money to the federal government, or that Jenkins was notified of a forfeiture action." *Id.* at ¶ 23. This court found that defendants failed to properly show that the money was transferred to the federal government, thereby depriving the trial court of jurisdiction. *Id.* at ¶ 24. The *Jenkins* court reversed the trial court's dismissal of Jenkins's petition for the return of his property and remanded the case. *Id.* at ¶ 25.

{¶5} On remand, defendants filed a motion for summary judgment, which again argued that the trial court lacked jurisdiction over Jenkins's motion to return property because the federal government was in possession of Jenkins's money. Defendants attached sworn affidavits from Cleveland police officers Negron and Ward with supporting exhibits, which included court filings from the federal forfeiture proceedings, property slip sheets, and cash receipts and transfer forms. Defendants also attached exhibits of a certified copy of the criminal docket for Jenkins's federal criminal case and certified copies of the following court filings for that case:

1. Application for a Warrant to Seize Property Subject to Forfeiture, filed on October 7, 2015

2. Inventory Return Sheet for a $14,890 check, filed on October 16, 2015

Defendants also attached a certified copy of the civil docket for the federal court forfeiture proceedings for Jenkins's property and certified copies of the following court filings for that case:

1. Complaint in Forfeiture, filed on March 1, 2016

2. Certified mail receipt returned and addressed to James Willis, Jenkins's attorney, filed March 3, 2016

3. Process receipt and return, filed March 3, 2016

4. Jenkins's answer to Complaint in Forfeiture, filed June 1, 2016

5. U.S. District Court's Order of Forfeiture, filed August 1, 2016

6. Process receipt and return, filed August 4, 2016

Finally, the city's motion for summary judgment also contained a certified copy of the criminal docket of Jenkins's municipal case.

{¶6} After holding a hearing and reviewing the evidence presented and the parties' arguments, the trial court found that Jenkins's money "was transferred to the federal government[.]" The trial court concluded that it "lack[ed] jurisdiction to hear [Jenkins's] complaint" and granted defendants' motion for summary judgment.

{¶7} It is from this judgment that Jenkins now appeals.

## II. Law and Analysis

{¶8} Jenkins's assignments of error both contest the trial court's order granting summary judgment to defendants after finding that it lacked jurisdiction over Jenkins's petition to return property. As a result, we will discuss them together.

### A. Standard of Review

{¶9} We review a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). De novo review means that this court independently "examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980).

{¶10} Under Civ.R. 56(C), summary judgment is properly granted when (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because it ends litigation, courts should carefully award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶11} "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Once the moving party has met his burden, it is the nonmoving party's obligation to present evidence on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist. Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993), citing *Harless* and *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). "The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446, 708 N.E.2d 1024 (8th Dist.1998), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

{¶12} As to evidentiary materials attached to a motion for summary judgment, Civ.R. 56(E) states, in relevant part,

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the

affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶13} We review the question of subject-matter jurisdiction de novo as well. *Yusuf v. Omar*, 10th Dist. Franklin No. 06AP416, 2006-Ohio-6657, ¶ 7. Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus.

{¶14} With this standard in mind, we now turn to Jenkins's arguments.

**B. Jurisdiction Over Petition to Return Property**

{¶15} Jenkins argues that the trial court had jurisdiction because (1) it had "in rem" jurisdiction pursuant to *Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935), and *State v. Jacobs*, 137 Ohio St. 363, 30 N.E.2d 432 (1940); (2) the city's law enforcement agency seized the money; (3) the city's transfer of the seized money to the federal government circumvented his constitutional rights; and (4) the trial court failed to make any factual findings beyond that it lacked jurisdiction.

{¶16} It is also worth mentioning that in his appellate brief, Jenkins raises a number of arguments contesting the actual seizure of his property. The issue before us, however, is whether the trial court had subject-matter jurisdiction over Jenkins's petition for return of his property, not the merits of that petition. Thus, we will not address those arguments raised by Jenkins and will only consider those pertaining to the trial court's subject-matter jurisdiction listed above.

**1. "In rem" Jurisdiction**

{¶17} Jenkins argues that the trial court had subject-matter jurisdiction over his petition to return property because it had "in rem" jurisdiction. "A proceeding in rem is one taken directly against property and has for its object the disposition of the property without reference to the title of individual claimants." *Wallace v. Youngstown*, 7th Dist. Mahoning No. 84 C.A. 90, 1985 Ohio App. LEXIS 6708, 4-5 (May 7, 1985).

{¶18} In support of his argument, Jenkins cites to *Penn Gen.* and *Jacobs*. In *Penn Gen.*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, the U.S. Supreme Court held that two courts cannot exercise in rem jurisdiction over the same res. *Id.* at 195. As the court stated, "To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, * * * the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* at 196.

{¶19} In *Jacobs*, 137 Ohio St. 363, 30 N.E.2d 432, the defendant challenged the sheriff's taking of his property during a raid of his premises. After the defendant pleaded guilty, he applied for the return of his property. The trial court granted the defendant's application. On appeal, the sheriff challenged the validity of the trial court's order, arguing that the defendant had to institute a separate action for the property and could not file an application in his criminal case. The court held that "[p]roperty or money seized by a sheriff in raiding a place where gambling is conducted is under the control and subject to the order of a trial court in a criminal proceeding, and the court, as a part of that proceeding, may make proper disposition of the property or money so seized[.]" *Id.* at paragraph one of the syllabus.

{¶20} This case, however, is distinguishable from both *Penn Gen.* and *Jacobs* because neither a state or local law enforcement agency asserted a claim against or seeks to claim

Jenkins's money, and Jenkins has not shown that the state court exercised jurisdiction before the federal court did over the money. *See United States v. 174,206.00 in United States Currency*, 320 F.3d 658, 661 (6th Cir.2003) (finding that the federal court had in rem jurisdiction over the seized property because the state court's jurisdiction was *in personam* in the forfeiture action and the state court never exercised in rem jurisdiction); *United States v. One Hundred Thirty-Four Thousand Nine Hundred Twenty Dollars in United States Currency*, 6th Circ. No. 93-5365, 1994 U.S. App. LEXIS 14414, 8 (June 8, 1994) ("[W]here the federal court is the only court attempting to exercise in rem jurisdiction over property and the state never institutes a forfeiture action, the federal court's exercise of jurisdiction is proper."). Further, unlike *Jacobs*, Jenkins is not seeking his property as part of the criminal proceedings against him; instead, he is seeking it in an entirely separate action. Therefore, we disagree with Jenkins's argument that the trial court had "in rem" jurisdiction over the money seized by state officials.

**2. Seizure by the City**

**{¶21}** Jenkins next argues that the trial court had jurisdiction because the money was seized by city officials. Seizure by a state or local law enforcement agency, however, does not automatically subject the seized property to the state court's jurisdiction. *United States v. $99,500 in United States Currency*, 6th Circ. No. 1:16 CV 2422, 2018 U.S. Dist. LEXIS 161089, 23 (Sept. 20, 2018) ("[W]here a federal district court is the first to assume jurisdiction over the currency, it has *in rem* jurisdiction. * * * This is true even if the property was originally seized by state officers and held by the state prior to the United States ultimately taking possession."). Therefore, we reject Jenkins's argument.

**3. Transfer of Money to Federal Government**

{¶22} Jenkins also argues that the trial court erred because transferring the money to the federal government circumvented his due process rights. He states that by upholding the trial court's decision, defendants "can simply (1) avoid having to prove there was a lawful seizure; and (2) avoid having to prove any monies seized, in the name of the State, was lawfully given to the [federal government]." He argues that the process of turning the money over to the federal government deprives him of "his day in [c]ourt."

{¶23} Foremost, it is not accurate that Jenkins was deprived of his day in court. The record contains exhibits of certified docket entries and other filings and forms from the federal forfeiture action that were attached to defendants' motion for summary judgment. Those certified docket entries show that Jenkins knew of and actively participated in the proceedings in federal court. Therefore, he did have his day in court, just not in state court.

{¶24} Second, those same certified docket entries show that Jenkins had the opportunity to contest the seizure of his money in federal court and did in fact answer the federal government's complaint in forfeiture. The certified docket entries also show that the district court ordered that the money be forfeited to the United States of America. Therefore, it appears that the federal government was required to prove, and did prove, that the seizure was lawful and the money was subject to forfeiture.

{¶25} Despite our disagreement with Jenkins's argument, we are mindful of the concerns that he raises. This court has previously noted its "disturbance" with the fact that state authorities "are circumventing the state forfeiture statute by preemptively turning over the seized monies to federal authorities [and] are then disclaiming any responsibility over these funds simply stating that because the federal government possesses the funds at issue, 'we are without jurisdiction to hear the matter.'" *Cleveland v. Cunnningham*, 8th Dist. Cuyahoga No.

95267, 2011-Ohio-2276, ¶ 29 (E.A. Gallagher, J. concurring in judgment only); *see also State v. Scott*, 7th Dist. Mahoning No. 98 CA 174, 2000 Ohio App. LEXIS 1221, 7 (Mar. 22, 2000) ("[T]he trial judge expressed serious misgivings concerning the legal loophole which effectively allows local law enforcement authorities to completely circumvent the procedural safeguards contained in the state forfeiture statute. This is accomplished by merely turning the seized property over to federal authorities pursuant to federal statute which does not require a defendant's conviction as a condition precedent to forfeiture proceedings. The trial court's misgivings are highlighted by the fact that there is an apparent financial incentive for a local police department to seek the implementation of federal forfeiture proceedings as opposed to its state law counterpart. The cumulative effect of this practice is to reduce Ohio's forfeiture statute to a functional nullity.").

{¶26} Nevertheless, our concerns with state law enforcement officials transferring seized property to the federal government does not change the fact that those transfers are lawful. Therefore, we disagree with Jenkins's argument.

### 4. Factual Findings by Trial Court

{¶27} Finally, Jenkins argues that the trial court erred by not making any other "specific, factually based findings [besides] * * * the jurisdiction issue."

{¶28} We remanded Jenkins's previous appeal because the record did not contain evidence that the money was transferred to the federal government. Upon remand and in granting defendants' motion for summary judgment, the trial court discussed and analyzed a number of our previous cases — *State v. Primm*, 8th Dist. Cuyahoga No. 94640, 2011-Ohio-328; *Long v. State*, 8th Dist. Cuyahoga No. 97044, 2012-Ohio-366; and *State v.*

*Clayton*, 8th Dist. Cuyahoga No. 98795, 2013-Ohio-2198 — that posed similar jurisdictional issues similar to that in this case.

{¶29} In *Primm*, after performing a traffic stop of the defendant's vehicle, state law enforcement agents arrested the defendant for drug trafficking, having a weapon while under disability, and possessing criminal tools and seized $26,318, a handgun, and marijuana from the vehicle. The defendant pleaded guilty to having a weapon while under disability. After he was sentenced, the defendant filed a motion seeking return of the money, which the state opposed, arguing that the money was in the possession of the federal government. According to the state, it transferred the money to the federal government and provided evidence — a Declaration of Administrative Forfeiture filed by the U.S. Department of Justice — of the transfer. The trial court denied the defendant's motion. On appeal, this court found that the trial court "properly deferred to this declaration" and dismissed the case for lack of jurisdiction. *Id.* at ¶ 7.[1]

{¶30} In *Long*, officers from the Cuyahoga County Sheriff's Department and the United States Department of Justice Drug Enforcement Administration executed a search warrant and seized "an undetermined amount of cash" belonging to the defendant. *Id.* at ¶ 2. The defendant filed a motion in the common pleas court seeking return of the seized money, and the state opposed the motion, arguing that the trial court lacked jurisdiction because the federal government had the defendant's money. The trial court denied the defendant's motion, concluding that it lacked jurisdiction. On appeal, this court found that there was no "evidence establishing which entity maintained jurisdiction over the seized property" and that the evidence

---

[1]Importantly, *Primm* resulted in three separate opinions, a majority opinion, a concurring in judgment only opinion with separate reasons, and a dissenting opinion. Therefore, the lead opinion's reasoning is persuasive but not controlling.

submitted by the state failed to establish "whether state or federal authorities had actually seized or maintained possession of the seized property." *Id.* at ¶ 8. As a result, the *Long* court held that the trial court erred by dismissing the case. *Id.* at ¶ 11.

{¶31} In *Clayton*, 8th Dist. Cuyahoga No. 98795, 2013-Ohio-2198, state law enforcement arrested the defendant for drug trafficking, possession of criminal tools, carrying a concealed weapon, and having weapons while under disability and seized $22,832 from the defendant's vehicle. The state later dismissed the charges against the defendant, and the defendant filed a motion seeking return of the money in state court. The state responded to the defendant's motion, stating that the money was in the custody of the federal government, which filed warrants for the seizure of the money. The trial court denied the defendant's motion, and the defendant appealed. On appeal, this court held that "when property and money are forfeited under federal law, it is immaterial what Ohio's forfeiture statute provides by way of relief[.]" *Id.* at ¶ 16, citing *State ex rel. Chandler v. Butler*, 61 Ohio St.3d 592, 575 N.E.2d 833 (1991).

{¶32} Here, in its journal entry, the trial court discussed *Clayton*, *Primm*, 8th Dist. Cuyahoga No. 94640, 2011-Ohio-328, and *Long*, 8th Dist. Cuyahoga No. 97044, 2012-Ohio-366, stating,

> Like *Clayton*, defendants' presented a copy of the federal warrant for the seizure of Jenkins' [*sic*] property in the amount of $14,890.00. *See* Defendants' motion for summary judgment, Exhibit A-3. * * * Here, as in *Primm*, the order of forfeiture, indicates that the $14,890.00 at issue was forfeited to the federal government on 8/01/16. *See* Defendants' motion for summary judgment, Exhibit D5. * * * Here, as in *Long*, the record contains receipts presented by defendants which demonstrate the City of Cleveland transferred the money in question to the federal government. *See* Defendants' motion for summary judgment, Exhibit C2.

{¶33} The trial court went on to note that

[o]ther evidence presented in Defendants' motion for summary judgment, and at the hearing, indicates that a forfeiture action was commenced in federal court. *See* Defendants' motion for summary judgment, Exhibit D1, D5. The record shows that Jenkins knew of the pending forfeiture action in federal court as he filed an answer in federal court admitting that the "FBI commenced an administrative proceeding against the currency." *See* Defendants' motion for summary judgment, Exhibit D4, ¶ 4. Additionally, the U.S. Attorney's Office provided plaintiff's counsel with a notice of the forfeiture action on 3/01/16. *See* Defendants' motion for summary judgment, Exhibits D1, D2.

**{¶34}** Based on the above, the trial court found that defendants "established that the federal government filed a warrant to seize Jenkins' [sic] money, the city of Cleveland transferred Jenkins' [sic] money to the federal government, Jenkins was notified of the transfer of the funds at issue and that a forfeiture action was commenced in federal court."

**{¶35}** The trial court's analysis could not be more correct. There were 63 pages of documents attached to defendants' motion for summary judgment, which included docket entries and other filings and forms from the federal forfeiture action.

**{¶36}** Those documents clearly establish that the federal government, not defendants, possess and control Jenkins's money and that Jenkins was aware of that fact. Those documents also establish that the trial court did not have jurisdiction over Jenkins's petition. As a result, the trial court was not required to make additional factual findings after concluding that it lacked subject-matter jurisdiction. Therefore, we reject Jenkins's argument.

**{¶37}** In conclusion, we find that the trial court lacked jurisdiction over Jenkins's petition and properly granted summary judgment to defendants. Accordingly, we overrule Jenkins's assignments of error.

**{¶38}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

____

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR